## BRASSFIELD *v.* JONES.

## Opinion delivered October 23, 1916.

1. SCHOOLS—LENGTH OF TERM—VOTE AT ANNUAL SCHOOL MEETING. Under Act 189, p. 445, of the Acts of 1907, affirmative action on the part of the voters at the annual school meeting is required to enable the board to make a valid contract for a school of more than three months.

2. SCHOOLS—INVALID CONTRACT TO TEACH—SALARY. A teacher cannot recover salary under a contract to teach, where the contract was invalid, because beyond the authority of the directors, and known to be so by the teacher.

Appeal from Franklin Chancery Court; *W. A. Falconer*, Chancellor; reversed.

### STATEMENT BY THE COURT.

Appellants, who are electors and tax payers of School District No. 45 in Franklin County, Arkansas, instituted this action in the chancery court against appellees, directors of said school district, and the county treasurer of said county and Travis Reece. The object of the suit was to restrain the directors from issuing a warrant to Travis Reece for services in teaching the school and to restrain the county treasurer from paying said warrants. The facts are undisputed and are as follows:

On April 24, 1915, the directors of School District No. 45 of Franklin County, entered into a written contract with T. R. Reece, who held a license of the first grade, to teach a common school in the district, for a term of four months commencing November 1, 1915, at a salary of $50 for each school month.

The annual meeting was held on the 3rd Saturday in May, 1915. After notice thereof had been given by the directors, as required by law, the meeting was regularly held and twenty-eight electors were present and voted thereat. Sixteen of these voted against a winter term and the remaining twelve did not express any choice on the question of a winter term. After Reece had taught school for a week under the contract above referred to, appellants on November 16, 1915, instituted this action

and secured a temporary restraining order as prayed for in the complaint. On final hearing the chancery court dismissed appellant's complaint for want of equity and the case is here on appeal.

*Sam R. Chew* for appellants.

The length of time in excess of three months that a school may be taught in a rural district is wholly in the discretion of the electors of the district. Castle's Supplement, Kirby's Digest, § 7590. The action of the board of directors in contracting with Mr. Reece to teach a four month's term was not authorized by the electors, and was contrary to the above statute—therefore void. 49 Ark. 94.

The law applicable in case of *Gates* v. *School District*, 53 Ark. 468, cited by the chancellor in support of his decree, has no effect in settling the principle involved in this case.

*June P. Clayton* for appellees.

We think the act of 1911, Acts 1911, p. 164, gives full power to school directors, and takes away the power from the electors, if they ever had it, to abrogate a contract duly entered into by the directors with a teacher; and this Act was intended to cure the very defect in section 7590 which appellants rely on as the law.

As to the right of a board of directors and a teacher to contract for a school to be taught in the future there is now no question, and such a contract cannot be annulled without the consent of the teacher and directors. 90 Ark. 335; 118 Ark. 597; 53 Ark. 468. The benefits have been accepted. The teacher must be paid his just compensation. 87 Ark. 93; 98 Ark. 38.

HART, J. (after stating the facts). In the case of *Gates* v. *School District*, 53 Ark. 468, the court held that the power conferred upon the Board of Directors of a single school district to employ a superintendent of schools is not limited to an employment during the term of office of such directors; and that there is no law that forbids the board to make a contract for a superintendent for a

term beginning after some members of the board go out of office. While this decision was rendered with reference to the power of the board of directors of a special school district, much reliance is placed upon the principles decided in it as controlling the question here raised by the appeal. We do not think the decision has any bearing on the question raised by the appeal. It is true the decision would be controlling if there were no other question before us, except the one that the directors made a contract to commence after their term of office had expired, but that is not the question involved by the appeal. Section 7590 of Kirby's Digest and Act 189 of the Acts of 1907 amendatory thereof provide, that the electors of every school district shall when lawfully assembled in annual school district meeting, have the power by a majority of the votes cast at such meeting, to determine the length of time in which a school shall be taught more than three months in a year. Acts of 1907, p. 445. If there had been no votes cast upon the question, under the statute, the board could not have contracted for a school to be taught longer than three months during any scholastic year. In short, under the statute, it required affirmative action on the part of the voters at the annual school meeting to enable the board to make a contract for a school of more than three months. If the qualified electors of the school district had, by vote at the annual school meeting, determined that a school of more than three months should be taught, the contract under the authority of *Gates* v. *School District, supra,* would have been valid, notwithstanding it was executed before the annual school meeting. The voters, at the next annual meeting, however, not only did not vote for a school of more than three months' duration, but by voting against a winter term, evidently intended to express their disapproval of a longer term than three months. Reece began to teach the school at a time when he knew that he had no authority under the statutes to teach the school under the contract made with the board; and he is not entitled to pay from the district for his services.

The chancellor was right in granting the temporary injunction and it should have been made permanent.

For the error in not doing so, the decree will be reversed and the cause remanded with directions to the chancellor to enter a decree making the injunction permanent.