CONSOLIDATED SCHOOL DISTRICT No. 1 *v.* FITZGERALD.

Opinion delivered January 13, 1930.

*M. P. Huddleston* and *Dudley & Dudley,* for appellant.

*Jeff Bratton,* for appellee.

McHANEY, J. Appellee brought this suit against appellant to recover $650, which he claimed to be due him by reason of a written contract with appellant district

to teach school for it for nine months, at $100 per month. He alleged that appellant breached the contract, after he had taught two and a half months, for which he was paid, and refused, without cause, to permit him to teach the remaining six and a half months covered by his contract. Appellant admitted the execution of the contract with appellee, that it had discharged him at the end of two and a half months, but denied that it had breached the contract, in that appellee was guilty of insubordination by failing and refusing to obey the reasonable rules and regulations of the superintendent of the school, and by refusing to work in harmony with the superintendent and the board, and by other conduct making him unsuitable as a teacher in said district. The case was tried to a jury, which resulted in a verdict and judgment for appellee for $203, with interest.

For a reversal of the case, appellant first says that the directors were without power to make a contract with appellee for a term longer than three months, because the record fails to show affirmatively that the electors in appellant district, at the annual school election in May, 1928, determined that a school for a longer term than three months should be taught, as required by § 8952, C. & M. Digest, which provides that, "the electors of every school district shall, when lawfully assembled in annual school meeting with not less than five electors present, have the power, by a majority of the votes cast at such meeting, * * * sixth, to determine the length of time during which a school shall be taught more than three months in a year." Appellant also relies upon the decision of this court in *Brassfield* v. *Jones,* 125 Ark. 415, 188 S. W. 1181, construing said statute, and holding that, "affirmative action on the part of the voters at the annual school meeting is required to enable the board to make a valid contract for a school of more than three months." First syllabus. Appellant is in error, however, in its contention, as said statute is not applicable to this case. Appellant is, as shown by its name, a consolidated school district, whereas the above statute ap-

plies only to common school districts. The above section was taken from § 56 of act 46 of the Acts of 1875, page 54, entitled, "An act to maintain a system of free common schools for the State of Arkansas," and the sixth power of the electors enumerated in § 56 of said act has never been changed, although the section has been amended in other particulars by subsequent acts. While this section says that the electors of "every school district" shall have the powers therein enumerated, the title of the act, and the whole context thereof, shows that it has to do with common school districts only, and that the words, "every school district," refers only to every common school district. Therefore appellant's contention in regard to this statute cannot be sustained, and the decision of this court in *Brassfield* v. *Jones, supra,* as well as the other cases cited on this point, have no application.

It is next said that the directors of appellant district were without authority to contract with appellee to teach a school in said district for any term, whatever, during the period covered by the contract, because appellant did not have sufficient money to its credit to pay the expenses necessary to operate said school, and that therefore the contract was in violation to § 9030, C. & M. Digest. This section is as follows: "It shall be unlawful for any director, or board of directors, in any school district in this State, to employ a teacher to teach a school in any district in this State, unless said district has money to its credit, in treasury of the county in which said district is located, to pay said teacher for such work; provided, that if the amount of taxes to be paid in by the collector of any county shall be sufficient to have a school taught in any district in which such taxes are to be paid, then the directors shall have the power to employ teachers to teach a school in such district; provided further, that a majority of the patrons of any school district in this State shall, at all times, have the right to petition said board of directors to employ a teacher, and cause a school to be taught in any district, whenever

they so desire; provided, further, that said directors do not pay more for services of said teacher than would be necessary to pay said teacher for said service if said money were in treasury. Any board of directors violating this law shall be fined in any sum not less than ten nor more than one hundred dollars.''

It will be noticed that there are several provisos in this section, and one of them is that, by petition of a majority of the patrons of the district to the directors, they may cause a school to be taught. Appellant failed to set up this defense in its answer, and there was no proof that a majority of the patrons did not so petition the board. Whether this would defeat appellant in its contention in this regard, we do not find it necessary to decide, as we find from an examination of the record that the district had ample funds with which to pay the expense of operating the school throughout the period covered by appellee's contract. We think it would serve no useful purpose to set out the figures showing the amount of funds on hand, and those that were to come in, to the credit of the district during that school year, but suffice it to say that the funds were sufficient, and that appellant must fail in this contention.

It is finally said that appellee was guilty of insubordination, refused to work in harmony with the superintendent and school board, and otherwise conducted himself so as to justify his discharge, and that appellant should not be held liable for any part of the salary he would have earned, had he continued to teach the school. This question was submitted to the jury under proper instructions, about which there is no complaint, and the finding of the jury is against appellant. It is frankly conceded that, if this court should find the facts to be in dispute in this regard, the verdict should not be disturbed. We have examined the testimony carefully in this regard, and find it to be in dispute—that of appellant tending to justify appellee's discharge, and that of appellee tending to show that he had done nothing to justify his discharge. Especially is this true, when the

evidence is considered in the light most favorable to appellee, as we must do in order to determine whether there is any substantial evidence to support the jury's verdict.

We find no error, and the judgment is affirmed.