SMITH ARKANSAS TRAVELER COMPANY *v.* SIMMONS.

Opinion delivered June 16, 1930.

*Buzbee, Pugh & Harrison,* for appellant.

*Frank B. Pittard* and *Walter A. Isgrig,* for appellees.

HUMPHREYS, J. This is an appeal from judgments against appellant in favor of W. F. Simmons for $5,000 and Jennings Motors for $401.60, both of whom are appellees herein, for the alleged negligence of R. W. Hoehn, appellant's motorman, in driving one of its busses in such a careless and reckless manner as to cause a collision between the bus and a Chrysler car owned and being driven by appellee Simmons at the time in a careful manner.

The suit was instituted by appellee, W. F. Simmons, against appellant to recover certain amounts for damages to his automobile and for personal injuries to himself resulting from the collision, and appellee Jennings Motor Company intervened in the suit to recover the balance of the purchase money due it by W. F. Simmons for the automobile which he had purchased from it under a conditional sales contract. The issue joined by the pleadings was whether the automobile was damaged and appellee, W. F. Simmons, injured by the negligent driving of appellant's motorman or by said appellee's own negligence in failing to drive his automobile according to the traffic rules of Little Rock, and to keep a proper lookout for traffic in the direction he was going.

When the jury was being impaneled to try the cause, the following questions were propounded and answers thereto made:

By Mr. Pittard (attorney for appellee W. F. Simmons). Q. I want to know if any of the jurors are employed by a liability insurance company or engaged in the insurance business, or employed in the insurance business? Mr. Robertson (attorney for appellant). I

object. Court: What is the object of that question? Mr. Pittard: Just to know who the people are they are working for. Court: Why are you asking that question? Mr. Pittard: Some people working for insurance companies are not usually in favor of giving damages. Court: Have you any reason to believe that there is an insurance company interested in this case? Mr. Pittard: Yes, sir. Court: Is there an insurance company interested in this case (addressing Mr. Robertson). Mr. Robertson: If there is, I don't know about it. Court: Are you employed by any insurance company? Mr. Robertson: All I know about it is that I am employed by the Traveler Bus Company. Mr. Brown here really is the one that employed me. Court: I will ask Mr. Brown—Is there any insurance company interested in this case? Mr. Brown: Yes, sir. Court: The objection is overruled.

(To which ruling of the court the defendant at the time duly excepted and asked that its exceptions be noted of record, which was accordingly done).

The collision occurred at the intersection of Eighth and State streets in Little Rock, Arkansas. Appellee was traveling south on the right-hand side of State Street and appellant's bus was traveling east on the right-hand side of Eighth Street. Just as appellees automobile was passing out of the intersection of said streets the right-hand wheel of his automobile was struck by appellant's bus and knocked at an angle of about forty-five degrees across State Street, turning the same entirely around. The bus had turned slightly toward the right or south just before striking the automobile, and after striking same continued to run across the street and over the curb and sidewalk into an adjoining yard where it ran into a tree that stopped it.

The testimony introduced by appellee tended to show that he entered the intersection of the two streets before the bus reached State Street; that he was traveling at a reasonable rate of speed and could have passed

over Eighth Street before being struck if the motorman of the bus had not been traveling at a reckless and unreasonable rate of speed. Appellee's witness testified that when appellee entered the intersection the bus was from one-third to one-half of a block-west on Eighth Street and did not enter the intersection until appellee had almost passed out of same, and that the collision occurred on account of the motorman driving into the intersection at a rate of twenty or twenty-five miles an hour or over, without slowing down as he approached same and then because he turned slightly to the south or right instead of keeping straight ahead.

The testimony introduced by appellant tended to show that each reached the intersection about the same time; that the motorman of the bus approached at a speed of about ten or twelve miles an hour and appellee at about twenty-or twenty-five miles an hour, the latter running immediately in front of the bus before he had time to stop it, thereby causing the collision; that the purpose of the motorman in turning slightly to the right was to give appellee a chance to turn to the left or east on Eighth Street and avoid the collision.

The testimony thus detailed presented a conflict of testimony for determination by the jury as to whether the collision and consequent damage was occasioned by the negligence of the motorman or contributory negligence of appellee. This issue was submitted to the jury and determined adversely to appellant.

The appellant first contends for a reversal of the judgment because the trial court elicited information in the presence of the jury to the effect that appellant carried accident or casualty insurance to indemnify it against injuries that it might inflict upon other parties and their property.

The court elicited the information by inquiry after counsel for appellee had propounded over the objection of appellant, the following question to the jurors, upon their *voir dire* examination:

"I want to know if any of the jurors are employed by liability insurance companies or engaged in the insurance business, or employed in the insurance business?"

The objection was made and exception saved to said question, and the exception was preserved in appellant's motion for a new trial, but the questions propounded by the court in eliciting the information that an indemnity insurance company was interested in the suit were not objected and excepted to.

The question propounded by counsel for appellant was a proper one in order that he might intelligently exercise appellant's right of challenge. *Pekin Stave & Manufacturing Co.* v. *Ramsey,* 104 Ark. 1.

Appellant's only other contention for a reversal of the judgments is that the court erred in giving, over its objection, appellee's requested instruction number 3, which is as follows:

"Ordinary care requires of every man who drives a motor vehicle upon a public street to keep a lookout for vehicles or persons who may be upon the street, and to keep his motor vehicle under such control as to be able to check the speed or stop it absolutely if necessary to avoid injury to others when danger may be expected or is apparent."

The identical statement of law was approved by this court in the case of *Madding* v. *State,* 118 Ark. 506. We think it a necessary and wholesome rule of law that drivers of automobiles in approaching street crossings or an intersecting street must have their automobiles under control, prepared to stop, if automobiles or other vehicles or pedestrians are passing over the intersection. Danger may always be expected or anticipated at street crossings or at intersections of streets, and every driver of an automobile should keep a lookout and approach same with his machine under control, else he cannot be regarded or treated as exercising ordinary care.

We think the instruction comes within this rule and was applicable and appropriate in the case.

No error appearing, the judgments are affirmed.