TURNER *v.* HOT SPRINGS STREET RAILWAY COMPANY.

4-3567

Opinion delivered November 5, 1934.

*W. D. Swaim,* for appellant.

*Sydney S. Taylor* and *Martin, Wootton & Martin,* for appellee.

JOHNSON, C. J. To compensate an alleged injury, appellant brought this suit against appellee in the Garland Circuit Court and alleged: That on December 29, 1932, while a passenger upon one of appellee's street cars, which was being operated in the city of Hot Springs for such purposes, she stepped upon a piece of ice or frozen snow negligently left in the vestibule of said car by appellee which caused her to slip and fall, and thereby she was seriously and permanently injured. In reference to the circumstances under which she was injured, appellant testified:

That on the date named in the complaint she was a passenger upon one of appellee's street cars which was being operated in the city of Hot Springs for such purposes, and while debarking therefrom she stepped down into the vestibule of said car, and her left foot slipped and "went out from under me like lightning," and thereby received a very hard fall. She then detailed the extent of her injuries, but we deem it unnecessary to here set out this testimony. Dr. Evans testified that he assisted in the removal of Mrs. Turner from the street car on the day she was injured, and that he saw a "number of small pieces of snow and ice, thin in form, like it had been kicked off the shoe heel or shoe sole," lying in the vestibule of the street car.

This, in effect, is all the testimony offered by appellant in reference to the receipt of her injuries and circumstances under which they were received. In passing, it may be said that the testimony tended to show that appellant was seriously and permanently injured by reason of the fall received. The trial court, upon the evidence thus adduced, directed a verdict in favor of appellee, and this appeal is prosecuted seeking reversal.

The trial court was correct in directing a verdict for appellee, because the testimony adduced by appellant was not sufficient to show that the injuries received were

proximately due to any negligence of appellee. No witness testified that appellant's fall was proximately due to the small pieces of snow and ice afterwards seen in the vestibule of the street car. It is true, the jury might have guessed or speculated that her fall was caused by stepping upon the small pieces of ice and packed snow in the vestibule of the street car, but, on the other hand, it was equally as probable that her fall was caused by packed snow or ice which had accumulated on her own shoes. The point is, juries are not permitted to guess or speculate as to the proximate cause of an alleged injury, the burden resting upon appellant to show by a preponderance of the evidence that her injuries were caused by some negligent act or omission of appellee. *Covington* v. *Little Fay Oil Co.*, 178 Ark. 1046, 13 S. W. (2d) 306; *Kirkpatrick* v. *American Railway Express Co.*, 177 Ark. 334, 6 S. W. (2d) 524; *Missouri Pacific Rd. Co.* v. *Horner,* 179 Ark. 321, 15 S. W. (2d) 994; *International Harvester Co.* v. *Hawkins,* 180 Ark. 1056, 24 S. W. (2d) 340; *Ft. Smith L. & T. Co.* v. *Cooper,* 170 Ark. 286, 280 S. W. 990; *Denton* v. *Mammoth Springs Electric Light & Power Co.*, 105 Ark. 161, 150 S. W. 572.

In the recent case of *National Life & Accident Ins. Co.* v. *Hampton, ante* p. 377, 72 S. W. (2d) 543, we stated the applicable rule as follows: ''It is the well-settled doctrine in this State that a jury's verdict can not be predicated upon conjecture and speculation,'' and continuing we adopted the rule as announced by the Supreme Court of the United States in *Patton* v. *Texas & Pacific Ry. Co.*, 179 U. S. 658, 21 S. Ct. 275, as follows: ''It is not sufficient for the employee to show that the employer may have been guilty of negligence—the evidence must point to the fact that he was. And where the testimony leaves the matter uncertain, and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion.''

Moreover, where it conceded that appellant's fall and consequent injuries were due proximately to her slipping upon the small pieces of ice and snow seen by Doctor Evans in the vestibule of the street car, this would yet be insufficient to show negligence upon the part of appellee. Before negligence could be inferred, it must have been made to appear from the evidence that appellee permitted this accumulation of ice and snow or that it had been in the vestibule of the car such length of time as to afford an opportunity for removal and a neglect so to do. *Riley* v. *Rhode Island Co.,* [29 R. I. 143, 69 Atl. 338] 15 L. R. A. (N. S.) 523, and case note.

No error appearing, the judgment is affirmed