ÆTNA LIFE INSURANCE COMPANY *v.* NORMAN.

4-5097

Opinion delivered June 6, 1938.

*Owens, Ehrman & McHaney,* for appellant.

*Caviness & George* and *Strait & Strait,* for appellee.

McHANEY, J. On October 10, 1925, appellant issued to appellee a policy of life insurance in the sum of $10,-000, which contained a permanent total disability clause, as follows: "If, before default in payment of premium, the insured becomes totally and permanently disabled by bodily injuries or disease and is thereby prevented from

performing any work or conducting any business for compensation or profit, the following benefits will be available:

"When such disability occurs before age sixty.

"A waiver of the payment of premiums falling due during such disability, and an income of ten dollars a month for each one thousand dollars of the sum insured payable to the life owner each month in advance during such disability.

"If before attaining the age of sixty years the insured becomes totally disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit for a period of ninety consecutive days, then, if satisfactory evidence has not been previously furnished that such disability is permanent, such disability shall be presumed to be permanent. In such a case, benefits shall accrue from the expiration of the said ninety days, but not from a date more than six months prior to the date that evidence of such disability satisfactory to the company is received at its home office. No benefit shall accrue prior to the expiration of said ninety days unless during that period evidence satisfactory to the company is received at its home office while the insured is living that the total disability will be permanent, in which event benefits will accrue from the commencement of disability."

On March 24, 1937, appellee made proof of disability under the provisions of said policy. His claim to disability was based upon the statement that he was suffering from arthritis in both feet. Appellant refused to recognize his claim and denied liability and this suit followed to recover the benefits provided in the policy, including a waiver of premium. Issue was joined on the fact of disability and a trial resulted in a verdict and judgment in appellee's favor.

For a reversal of the judgment against it, appellant first contends that the evidence is not sufficient to support the verdict and judgment and that, therefore, the court should have directed a verdict in its favor at its request. Appellee became sixty years of age in October,

1935. He gave no notice of his alleged disability until March 24, 1937. At the time of the trial he was sixty-two years of age. The facts are that appellee is the owner of about 2,000 acres of land in Yell county, of which about 1,000 acres are in cultivation. Also, that he is the president and principal owner of the Bank of Ola and has been for a number of years. The testimony viewed in the light most favorable to appellee is that he became disabled through arthritis in the winter of 1932 or 1933, which gradually grew worse, and that he has been entirely disabled since 1934, that is, that he has been unable to attend to his usual and customary duties as he did prior to his disability. His farming business required him to do a great deal of walking. He would go out to the farms, see that they were planted right, look after the cutting of hay, took them whatever supplies were needed at the farms, and if anything went wrong, he would attend to it, and that, as a matter of fact, he did more walking than the men who were plowing the fields. In connection with his bank business, he testified that he was the outside man for the bank, inspecting securities offered to secure loans at the bank, made appraisals of personal property and real estate and that most of his duties for the bank consisted of outside work of the same general character listed above; that since 1933 or 1934 he has been unable to stand on his feet any length of time or to do any walking of any consequence and that he could not attend to his own affairs or that of the bank successfully because he cannot walk. He testified that at first he tried to hobble around and carry on anyway, but that caused a swelling in his feet and that he would have to go to bed. He would run fever and his toe joints would swell up and turn red; that he could not rest, could not sleep and could not do anything successfully and that he has the same trouble which has existed since the winter of 1933 or 1934; his toes are drawn under on his right foot and that he walks on the side of his foot, and that he cannot set his feet down flat without great pain; that he has a knot on the top of his foot and has to wear braces in his shoes. Several physicians testified to the fact that he has arthritis and that this condition renders him totally disabled.

Two doctors who separately took X-ray pictures and made examinations of his feet testified that his disability is total and permanent and that they have no known cure for the form of arthritis from which he suffers. It is true that appellee admitted that he still goes out to his farms every week in his automobile which he sometimes drives himself and that he has an office at the bank where he goes almost daily and spends a part of his time and there is other evidence tending to show that he was not totally and permanently disabled within the meaning and definition of the policy, including the fact that, in 1936, he applied for a policy on his life covering injury in an automobile, in which application it was stated that he was sound physically and that he had consulted a physician in the last three years for malaria, but he testified that the agent handed him an application and asked him to sign it and he would get him a policy, which he did; that the agent did not ask him anything and that he just signed the application which the agent filled out. But we are of the opinion that a question of fact was made for the jury and we cannot say that its finding is wholly unsupported by the evidence.

We do not think this case is ruled by *Missouri State Life Ins. Co.* v. *Snow,* 185 Ark. 335, 37 S. W. 2d 600, and *Ætna Life Ins. Co.* v. *Person,* 188 Ark. 864, 67 S. W. 2d 1007, cited and relied upon by appellant for a reversal and dismissal of the action. We think it is more nearly like the case of *Mutual Life Ins. Co.* v. *Dowdle,* 189 Ark. 296, 71 S. W. 2d 691. In that case we quoted the second headnote in the case of *Standard Accident Ins. Co.* v. *Bittle,* 36 Fed. 2d 152, where it was said that: "Disability, within the meaning of a combined health and accident insurance policy, is total, if it prevents party from performing acts necessary to prosecution of his business in substantially the usual and customary manner, and does not mean state of absolute helplessness or inability to perform, at peril to health, some of acts required in conduct of business or occupation." It is said in that case that "the law does not require one to perform duties at the peril of his life or health, nor to perform them if their performance entails pain and suffering which a

person of ordinary prudence and fortitude would be unwilling and unable to endure." That was a case of fallen arches which rendered it very painful for the insured to walk for any considerable distance, but it was admitted that he could and did walk about town. So here, while appellee is not rendered absolutely helpless, by reason of the arthritic condition of his feet, the proof is quite substantial that it prevents him from performing acts necessary to the prosecution of his business in substantially the same way he had previously done. On the whole, we think the evidence made a case for the jury and that the court did not err in refusing to direct a verdict. *Ætna Life Ins. Co.* v. *Spencer,* 182 Ark. 496, 32 S. W. 2d 310; *Missouri State Life Ins. Co.* v. *Johnson,* 186 Ark. 519, 54 S. W. 2d 407.

The second and final assignment of error urged for a reversal of the judgment relates to two alleged hypothetical questions, one asked of Dr. Matthews and the other of Dr. McGill. We do not set these questions out as they are rather lengthy. The question asked Dr. Matthews, after assuming a number of facts which had been offered in evidence, concluded as follows: "and that when a man is so disabled that he cannot do and perform all of the substantial and material things of his occupation, then was Mr. Norman totally disabled in 1933?" The question asked Dr. McGill was somewhat mixed up and involved, but the fact sought to be established by the opinion of the witnesses in both questions was whether appellee was disabled in 1933. Both doctors answered that they thought he was so disabled. While the questions might have been improper in the form asked, we think no prejudicial error resulted because Mr. Norman had already testified that he had become disabled in 1933 and the opinion of these witnesses, who did not examine him in 1933, could not have been much more than a guess. The objection made to the questions was general in its nature. It pointed out nothing specifically wrong, counsel simply stating, "I object." It is not insisted that the questions as a whole were objectionable, only that some parts of them were, and the general objection was not sufficient to call to the attention of the

court specific matter objected to. Evidently what counsel was trying to elicit was, if the appellee was disabled at the time witnesses examined him, was he disabled in 1933? We think no prejudicial error resulted in the action of the court in permitting the questions to be asked and answered.

Affirmed.