UNITED VAN LINES, INC. *v.* HALEY.

4-8762                                        218 S. W. 2d 715

Opinion delivered March 28, 1949.

*Bailey & Warren* and *Walls Trimble,* for appellant.

*June P. Wooten,* for appellee.

HOLT, J. Appellee, Harold Haley, brought this action to recover damages in the amount of $1,262.62, alleged to have resulted from a loss, by fire, of his household goods, while in the possession and control of appellant, through its agent, Merchants Transfer & Warehouse Co., North Little Rock, under a contract and agreement whereby appellant undertook to transport said goods from Little Rock to Houston, Texas.

Appellant answered and admitted "that the Merchants Transfer & Warehouse Company is its agent within the State of Arkansas as solicitors for interstate shipments of freight," but denied all other allegations of appellee.

Upon a jury trial, there was a verdict in favor of appellee for the full amount claimed, and from the judgment is this appeal.

For reversal, appellant, in effect, makes but one contention,—that the evidence was not sufficient to support the verdict and that the court erred in denying its

request, at the close of all the testimony, for a directed verdict in its favor. The decisive question, therefore, is the sufficiency of the evidence, and, on appeal here, we must affirm the judgment if we find any substantial evidence, when considering it in the light most favorable to appellee, to warrant the jury's verdict and the judgment thereon, (*Missouri Pacific Transportation Co. v. Sacker,* 200 Ark. 92, 138 S. W. 2d 371).

"The question of sufficiency of the evidence is one of law, and it is only when the facts are undisputed, and when different minds can not draw different conclusions therefrom, that it becomes the court's duty to direct the verdict." *Brigham* v. *Dardanelle & Russellville Railway Company,* 104 Ark. 267, 149 S. W. 90.

The facts briefly stated were to the following effect: In the latter part of January, 1947, appellee, Haley, at that time a resident of Little Rock, began negotiations with appellant for the transportation of his household goods from Little Rock to Houston, Texas. These negotiations were carried on, on behalf of appellant, through its admitted agent, Merchants Transfer & Warehouse Co., through its representative, Mr. Baker. Mr. Baker furnished appellee with a proposal or bid, in writing, dated January 28, 1947, and signed "United Van Lines, Inc., Merchants Tfr. & Whse. Co., Agt., By E. B. Baker, Agent," for the transportation of said goods, with a cost estimate therein in the amount of $266.59, this figure being itemized in the proposal as follows:

"Transportation charge ............................................................$192.85
Packing and Unpacking ............................................ 10.00
Transportation to Warehouse ........................................ 40.95
Temporary Storage (Not to exceed 60 days)... 10.50
All risk insurance in the amount of $1500........... 7.50
3% Federal Tax ............................................................... 5.79
_____
Total ............................................................................$266.59"

Appellee, after considering appellant's "bid," and securing a reduction in the two items, "Transportation to Warehouse" and "Temporary Storage" from a total of $51.45 to $28.88 (the figures being changed in pencil),

signed and accepted the contract or "bid" on January 30, 1947, as follows: "The terms and condition as outlined in this proposal are hereby agreed to and accepted. Signature of Shipper, Harold Haley. Accepted this 30 day of January, 1947."

On the following day, January 31, 1947, appellant's agent took possession of appellee's household goods, packed them for shipment to Houston, gave appellee receipt therefor reciting: "Date 1-31-47—To Mr. Harold Haley, 1607 W. 21 St.—Move to Whse. for Storage, Also Pack. Received in Good Order. Agents, United Van Lines—Long Distance Movers," then moved, and stored the goods in the warehouse of its local agent, Merchants Transfer & Warehouse Company, North Little Rock, pending transportation to Houston, Texas. While thus stored and in possession of appellant, on February 9, 1947, the goods were damaged by fire, in the amount sued for. There is evidence that the contract or agreement was in full force and effect, prior to, and at the time of the fire damage, and that said contract had not been cancelled.

In these circumstances, without detailing the testimony further, we think the jury was warranted in finding from substantial facts, as it must have, that a binding contract existed between the parties hereto, that it had not been cancelled, and was in full force at the time of the fire damage to the goods while in the possession and control of appellant. They were also warranted in finding, under the terms of the contract, that appellant had agreed to insure appellee's household goods against "all risks" in the amount of $1,500, for a charge of $7.50, to cover said insurance and that this stipulation in the contract was binding on appellant.

As indicated, the question at issue being one of fact, and the jury having resolved that question, on substantial testimony, in favor of appellee, the judgment must be and is affirmed.