PATE v. FEARS.

5-349                                    265 S. W. 2d 954

Opinion delivered March 22, 1954.

*John M. Lofton, Jr.,* and *Owens, Ehrman & McHaney,* for appellant.

*M. V. Moody,* for appellee.

MINOR W. MILLWEE, Justice. Appellee, Emma Fears, brought this action against the appellant, James Pate, seeking damages for personal injuries sustained when she was hit by appellant's car. Appellee alleged that she was walking north at the intersection of Eighth and Hays streets in Little Rock, Arkansas, at about 8:30 p.m. on November 5, 1952, when she was struck, and that appellant was negligent in operating his car in a fast and reckless manner and in failing to keep a proper look-out. Appellant denied that he was negligent and pleaded contributory negligence on the part of appellee.

The trial court, sitting as a jury, rendered judgment for appellee in the sum of $2,500. The only contention

for reversal is that the judgment is unsupported by any substantial evidence.

Where a jury is waived and the case is tried before a judge sitting as a jury, his finding on a question of fact is as conclusive on appeal as a jury verdict and will not be disturbed if supported by any substantial evidence. *Wallis* v. *Stubblefield,* 216 Ark. 119, 225 S. W. 2d 322. In determining the sufficiency of the evidence, it must be considered in the light most favorable to appellee. *United Van Lines* v. *Haley,* 214 Ark. 938, 218 S. W. 2d 715.

On the night in question appellant was driving north on Hayes street which is paved and level for several blocks from the intersection with Eighth street. According to appellee's testimony she was walking north on the right-hand gravel shoulder of Hayes street where it intersects with Eighth street when she was struck by appellant's speeding car. Charlotte Robinson, who lives about 50 feet from the scene of the accident, testified that she heard "the brakes race" or "skidding" of a car and reached her front door just as appellee was struck. When she asked appellant why he hit appellee, he replied, "My lights was dim and I didn't see her. I wouldn't have hit her for nothing." She also corroborated appellee's statement that there were no other vehicles passing at or near the time that appellee was struck.

Appellant testified that as he approached the intersection he was blinded by the headlights of two automobiles going in the opposite direction. He was driving about 25 miles per hour and as he passed the second car he saw appellee in the middle of Hayes street and immediately applied his brakes. He also turned his car to the right shoulder of the street but appellee ran in front of the car and was struck by the left front headlight and fender. It was dark and appellee was dressed in black clothing. He measured the skid marks of his car which were 41 feet long.

There are many decisions of this court defining the relative rights and duties of pedestrians and drivers of automobiles using the public streets and highways. Both

have a right to the use of the streets and are required to exercise ordinary care for their own safety and the prevention of injury to others. In sustaining a jury finding that the driver of an automobile failed to exercise ordinary care under facts similar to those in the instant case, this court said in *Northwestern Casualty and Surety Co.* v. *Rose,* 185 Ark. 263, 46 S. W. 2d 796: "It is the well-settled rule that the duty rests upon the driver of an automobile to exercise ordinary care in its operation, and in the exercise of such care it is his duty to keep a constant lookout to avoid injury to others. This is particularly incumbent upon him when driving on the street of a city in order to avoid injury to pedestrians, as he should anticipate their presence upon such streets and their equal right to their use." In *Morel* v. *Lee,* 182 Ark. 985, 33 S. W. 2d 1110, the court said: "Ordinary care, however, is a relative term, its interpretation depending upon the facts and circumstances of each particular case; and, although drivers of automobiles and pedestrians both have the right to the use of the streets, the former must anticipate the presence of the latter and exercise reasonable care to avoid injuring them, care commensurate with the danger reasonably to be anticipated." And in *Smith Ark. Traveler Co.* v. *Simmons,* 181 Ark. 1024, 28 S. W. 2d 1052, it is said: "Danger may always be expected or anticipated at street crossings or at intersections of streets, and every driver of an automobile should keep a lookout and approach same with his machine under control, else he cannot be regarded or treated as exercising ordinary care." See, also, *Murphy* v. *Clayton,* 179 Ark. 225, 15 S. W. 2d 391, and *Yocum* v. *Holmes,* 222 Ark. 251, 258 S. W. 2d 535, and cases there cited.

When the conflicting evidence in the case at bar is considered in the light most favorable to appellee under the foregoing principles, it is substantial and sufficient to support the court's finding that appellee's injuries were proximately caused by appellant's failure to exercise ordinary care under all the circumstances.

The judgment is, therefore, affirmed.