OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA
*v.* SAMMONS.

5-423                                        271 S. W. 2d 922

Opinion delivered October 11, 1954.

[Rehearing denied November 15, 1954.]

*Moore, Burrow, Chowning & Mitchell,* for appellant.

*Dennis K. Williams, O. D. Longstreth, Jr., Dave E. Witt* and *Joseph Brooks,* for appellee.

E. A. MAHONY, Special Justice. This is an action at law by the plaintiff for recovery of monthly sick benefits under the insurance policy contract plus the statutory penalty of 12% and attorney's fees.

Suit was filed on May 8, 1952. Parties waived a jury and the case was tried before the lower court sitting as a jury. The trial court entered judgment against the defendant for $5,700.00, representing 57 months sickness disability allowance at $100.00 per month. From the judgment so entered, the defendant has perfected this appeal. The action was tried on a stipulation of fact, testimony of the plaintiff and the testimony of a physician for the plaintiff.

The whole question involved in this case concerns the effect of a rider attached to the policy which we quote as follows:

"For the consideration expressed in the policy to which this rider is attached, the Company agrees that:

"If such sickness, for which Monthly Indemnity is payable under the terms and conditions of Part 5 of this policy, shall continue beyond the period of twelve consecutive months provided therein, the Company will continue the payment of the Monthly Indemnity for the period the Insured shall live and be wholly and continuously disabled and necessarily and continuously confined in the manner required in the next paragraph and regularly visited and treated by a legally qualified physician or surgeon other than himself.

"The Monthly Indemnity shall be payable for such disability only if the insured is absolutely unable to leave the house and the yard situated immediately around the house, and in order to receive the Monthly Indemnity, the Insured must at all times remain within such confines without any exception but one, namely, the Insured, when

deemed necessary and prescribed by the physician or surgeon, may be transported to the office of the physician or surgeon or to the hospital or sanitarium. If at any time the Insured shall leave such confines, except to be transported to the office of the physician or surgeon or to the hospital or sanitarium as provided above, payment of the Monthly Indemnity shall terminate and this rider shall be of no further force or effect.''

The facts in this case are not in dispute nor are they contested.

Based on the stipulation and the testimony of the plaintiff and his physician, the trial court found: (1) that during the entire period for which plaintiff seeks recovery herein, the plaintiff followed the practice of leaving his house and the yard situated immediately around the house frequently for the purpose of taking rides, walking for recreation and visiting with friends at various places of business, but that all such activities were engaged in upon the advice of Dr. J. N. Compton, plaintiff's physician; (2) that the plaintiff did not engage in any remunerative work during the period for which he seeks recovery herein until the year 1950 during which year he worked a few Saturdays but such work was irregular; that he worked between November 11, 1950 and December 30, 1950 and earned by reason thereof $180.00, and that since that time he has worked as an extra salesman; (3) that the plaintiff became ill of heart disease and that his heart condition will not substantially improve, and that plaintiff will never be able to resume full time work as a clothing salesman; (4) that the work which the plaintiff did was all done upon the advice of his physician.

In the case of *Pate* v. *Fears*, 223 Ark. 365, 265 S. W. 2d 954, this Court said that where a jury is waived and the case is tried, before a Judge sitting as a jury, his finding of fact on a question of fact is as conclusive on appeal as a jury verdict, and will not be disturbed if supported by any substantial evidence. Certainly the findings of fact in this case are supported by substantial evidence and should not be disturbed.

The question of the interpretation of a clause similar to this clause is not a question of first impression with this Court.

In the case of *Great Eastern Casualty Company* v. *Robins,* 111 Ark. 607, 164 S. W. 750, which was decided March 2, 1914, the opinion being written by Chief Justice McCULLOCH, this Court interpreted a provision in a policy which purported to require as a basis for recovery, that the illness of the policyholder " . . . shall necessarily and continuously confine him within the house . . ." In that case, the policyholder had tuberculosis and on the advice of his physician went from Arkansas to a sanatorium in the city of Denver. He was out of the house for the purpose of getting sunshine and fresh air from time to time. Recovery was allowed.

Again, in 1938, in the case of *Aetna Life Insurance Company* v. *Norman,* 196 Ark. 381, 117 S. W. 2d 728, the opinion being written by Justice McHANEY, the policy required the policyholder to be " . . . totally and permanently disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit . . ." In that case the plaintiff had arthritis of the·feet and continued to make periodic trips to his farm and manage his farm. The Court allowed a recovery in that case.

In the case of *Mutual Benefit Health & Accident Ass'n* v. *Murphy,* 209 Ark. 945, 193 S. W. 2d 305, the policy provided: " . . . that payment would be made for disability which confines the insured continuously within doors, and requires regular visits therein by legally qualified physician." In that case the policyholder opened an office and sold numerous insurance policies for the insuring company. The Court allowed a recovery.

In a case from the federal court, *Colorado Life Co.* v. *Steele,* C. A. 8th Ark., 101 F. 2d 448, there was involved a life indemnity rider. The policy required that the policyholder " . . . as a result of the accident or illness, for which indemnity has been paid, be then so disabled that he is thereby necessarily prevented from engaging

in any work or occupation whatsoever for compensation, remuneration, gain or profit, and that as a result of such total disability, the Insured is necessarily and continuously confined within the house . . . ." The plaintiff in the case was suffering from acute inflammatory arthritis, but he made automobile trips and continued to transact business as an oil well contractor. The opinion in the last named case was rendered by the Circuit Court of Appeals, Eighth Circuit, and Judge GARDNER wrote the opinion. Recovery was allowed in the case. This federal decision was based on an Arkansas policy and after reviewing the Arkansas decisions, followed the interpretation placed on said clause by the Arkansas Court.

In giving a "liberal" construction to a house confinement clause in a policy, the Arkansas Court is following the majority view of the Courts in the United States. Some states give "literal" construction but the great majority of cases have expressly or impliedly rejected the "literal" construction doctrine and have adopted a "liberal" view similar to that of the Arkansas Court. These cases are collected in an annotated form in 29 A. L. R. 2d 1408, in which cases from twenty-seven states are cited following the "liberal" construction view.

It is true that the exact language of the policies of insurance varies in different cases but the facts of this case are undisputed and we find no error of law in applying a liberal construction to this policy.

On the whole case, finding no error, the judgment is affirmed.

Mr. Justice WARD dissents. Mr. Justice ROBINSON disqualified and not participating.