784

McWaters *v.* Jefferies.

5-1040                                    294 S. W. 2d 57

Opinion delivered October 15, 1956.

*Marcus Evrard* and *James M. Gardner,* for appellant.

*Taylor & Sudbury,* for appellee.

Minor W. Millwee, Associate Justice. This is an action by appellee, Mrs. Lois Jefferies, against appellants, Anita Elizabeth McWaters, a minor, Mrs. Banetta McWaters and Langston-McWaters Buick Company to recover damages arising out of an automobile collision in the city of Blytheville, Arkansas on February 20, 1954. Trial before the circuit court without a jury resulted in a judgment for appellee in the sums of $1,500 for personal injuries and $400 for property damage.

For reversal appellants contend there is no substantial evidence to support the judgment and that appellee was guilty of contributory negligence as a matter of law. In determining the sufficiency of the evidence on the questions of the negligence of appellants and the contributory negligence of appellee, we must consider it in the light most favorable to appellee. It is also well settled that where a case is tried before a judge sitting as a jury, his finding on a question of fact is as conclusive on appeal as a jury verdict and will not be disturbed if supported by any substantial evidence. *Pate* v. *Fears,* 223 Ark. 365, 265 S. W. 2d 954.

According to appellee's testimony she was driving her Buick automobile west on Main Street in the 600 block on the afternoon in question when a Nash car belonging to Langston-McWaters Buick Company and being driven by the minor appellant, Anita Elizabeth Mc-Waters, pulled in front of appellee. The McWaters girl was on a mission for her mother, Banetta McWaters, to the home of her grandmother who lived on the south side of Main Street in the 1,000 block. The two cars were traveling between 20 and 25 miles per hour with appellee's car about two or three car lengths behind the other car. When appellants' car reached a point opposite the driveway to the grandmother's residence it stopped suddenly and without a signal or warning of any kind for the purpose of turning into the driveway and appellee's car struck the rear of appellants' car resulting in the damages for which judgment was rendered. Oncoming traffic to her left and a line of trees on her right prevented appellee from turning to avoid the collision which occurred as she applied her brakes.

Appellee was 55 years of age and had been driving 37 years at the time of the collision. The McWaters girl was 14 years of age and driving without a license. There were two other young girls on the front seat with her.

The foregoing evidence on behalf of appellee was disputed only to the extent that the occupants of appellants' car testified that the McWaters girl turned on her blinker signal light indicating her intention to make a left turn into the driveway before she came to a normal stop several seconds before the collision. This was stoutly denied by appellee. There is an absence of any evidence that appellants' driver looked back or into the rear-view mirror before making the stop.

The trial court, sitting as a jury, was the sole judge of the credibility of the witnesses and the weight to be given their testimony. When the conflicting evidence in this case is viewed in the light most favorable to appellee, we find it substantial and sufficient to support the trial court's finding that the negligence of appellants' driver

was the sole and proximate cause of the collision and consequent damages to appellee. The judgment is accordingly affirmed.