J. C. HILL, Adm'r *v.* Mrs. Hazel E. MAXWELL et al

5-5044                                              448 S. W. 2d 9

Opinion delivered December 15, 1969

*Barrett, Wheatley, Smith & Deacon,* for appellant.

*W. B. Howard, Jack Seegars,* for appellees.

Conley Byrd, Justice. Appellant, J. C .Hill, Administrator of the estate of Jimmy Ray Hill, deceased, brings this appeal from a directed verdict in a wrongful death action in favor of appellees Thomas and Hazel E. Maxwell. At issue is whether there was sufficient evidence to go to the jury on negligence and proximate cause in the operation of the Maxwell automobile.

The record shows that Jimmy Ray Hill had been to the Cotton Club where he had consumed some intoxicants. He left the Cotton Club on foot between 12:00 and 12:30 A.M. He was seen by the City Marshal of Bay walking north toward his home at Bay, along the east shoulder of Highway 63. The Marshal and the occupants in the car had no difficulty seeing Hill who was walking at a normal pace. The last time they saw Hill, he was

about one fourth mile south of the Little Bay Ditch Bridge.

The Maxwells had also been to the Cotton Club. They left between 1:20 and 1:25 A.M. with Mrs. Maxwell driving. Mr. Maxwell says that on the way home they were meeting a car on the Little Bay Bridge; that they had their lights on dim; and that while they were on the bridge they struck a man that he had not seen until the pickup truck struck him. The occurrence was reported to the authorities and the man was later identified as Jimmy Ray Hill.

The investigating officer testified that Mrs. Maxwell told him that she thought she hit someone as they came across the bridge—*i. e.*, she only had a glimpse of the object she struck.

The physical facts show that Hill's body was found on the east side of the highway about half way between the highway shoulder and the bottom of the ditch, just north of the bridge and behind the guard rail. There were skid marks commencing immediately north of the bridge 29 feet in length and curving off to the right shoulder. The right skid marks were two feet from the east edge of the pavement. Both lights on the pickup truck burned on bright but only the left headlight burned on dim. The right parking light was broken out, the hood was dented and the right headlight was cocked up.

To support the trial court's action appellees make the following argument:

"In short, the appellant totally failed to show· (a) That the decedent was on the vehicular traveled portion of the highway long enough for appellees to see him and that their striking of him was inferentially caused by failure to keep a proper lookout; and (b) That a failure to keep the proper look-

out was the proximate cause of the decedent's
death. All that was shown was that the decedent
was killed by appellees' truck at a time when the
decedent was on the portion of the highway being
traveled. by appellees. It might well be argued that
the decedent could have been walking along the por-
tion of the highway traveled by vehicles for a con-
siderable distance. Certainly, this was the theory of
the appellant in the trial court and continues to be
appellant's theory here. However, while this is a
plausible theory, a trier of fact is not free to come
to such conclusion unless it can be based upon an
inference which can reasonably be drawn from the
evidence. It is not enough that there are two possible
answers as to the time when decedent went upon
the main traveled portion of the highway . . . ."

At another place appellees argue:

"Thus, when it was shown that decedent was occu-
pying the portion of the highway being traversed
by appellees, there was no presumption that he had
so occupied said portion of the highway for any
length of time previously. For aught the evidence
shows, he stepped into the path of the oncoming
vehicle a split second before he was struck. Certain-
ly, if he did do so, a failure to keep a proper look-
out could not have been the proximate cause of his
demise as it would have been impossible to stop the
vehicle before striking him."

As we view the record here there is evidence from
which a jury might find or infer that the Little Bay
Ditch Bridge is only constructed for two lane traffic
(one lane for traffic in either direction); that the bridge
is protected by guard rails such as are commonly seen
along the highways of this State; that it was necessary
for Jimmy Ray Hill to cross the bridge if he proceeded

north to his home from the place he was last seen; that in proceeding along the highway he was doing so in a normal manner; that since the City Marshal of Bay had seen Hill while he was walking along the shoulder of the highway, the appellees should have seen him; and that the appellees struck Hill while he was crossing the bridge and that in so doing they did not see him before he was struck. Under somewhat similar facts we held in *Yocum* v. *Holmes,* 222 Ark. 251, 258 S. W. 2d 535 (1953), that the negligence of the driver of the motor vehicle was properly submitted to the jury on the failure to keep a proper lookout.

On the element of causation, the authorities, Prosser, Torts § 41 (3d ed. 1964), point out that the burden of proof is upon the plaintiff and that he must sustain his proof of causation by more than speculation and conjecture. However it is not necessary that the plaintiff negative entirely the possibility that the defendant's conduct was not a cause. It is enough that the plaintiff introduce evidence from which reasonable men may conclude that it is more probable that the event was caused by the defendant than that it was not. Stated another way, it is not required that the proof eliminate every possible cause other than the one on which plaintiff relies, but only such other causes, if any, as fairly arise from the evidence. See *Williams* v. *Reading Co.* (3d Cir. 1949) 175 F. 2d 32. Admittedly truth is stranger than fiction and it is possible that decedent may have stumbled, fallen or jumped into the path of the oncoming Maxwell vehicle, but a motorist who has failed to see what others saw until he struck it with his vehicle is in poor position to argue that the evidence fairly indicates that stumbling or falling was a probable cause of the collision.

For the reasons stated, we hold that the trial court erred in directing a verdict against appellant.

Reversed and remanded.

Brown and Fogleman, JJ., dissent.

John A. Fogleman, Justice, dissenting. I agree that, when the evidence is considered in the light most favorable to appellant and every reasonable inference is resolved in his favor, there was a question of fact as to the alleged negligence of appellees. Still I think the trial judge properly directed a verdict.

In considering this matter, we must keep in mind that pedestrians as well as motorists are entitled to use the public highways and each must act with regard to the presence of the other. *Yocum v. Holmes*, 222 Ark. 251, 258 S. W. 2d 535; *Haralson v. Jones Truck Line*, 223 Ark. 813, 270 S. W. 2d 892.

There are facts not stated in the majority opinion which I think are pertinent to the view I take of the matter. The headlights on the Maxwell pickup truck were dimmed because it was meeting a vehicle. The only evidence of damage to the pickup truck was on the extreme right front, very close to the extreme right headlight. There is no evidence to indicate that the Maxwell vehicle ever got closer to the right-hand shoulder of the highway than two feet from the pavement. This was at the end of the skidmarks. Since the skidmarks curved, then the Maxwell vehicle was somewhat nearer the center of the highway and farther from the right-hand side of the main-traveled portion of this roadway when it left the bridge. There had been a drizzling rain prior to this incident and weather conditions at the time Hill was struck were described as misty or a misty rain.

Even if a jury could have reasonably deduced that Hill was walking on the Little Bay Bridge dressed in clothing that rendered him visible to the driver of a properly lighted vehicle when he was struck, this would not have been sufficient to submit the issues to a jury. There must also have been evidence tending to show that the failure of the driver to keep a proper lookout

or the lack of required lighting equipment constituted the proximate cause of the decedent's being struck.

Appellees argue that there is no evidence to indicate that the decedent was walking on the main-traveled portion of the bridge when struck and nothing to indicate that he was occupying that portion of the highway for a sufficient length of time so that he could have been observed by the driver. Appellees say that, under the evidence here, the decedent may have stepped or turned into the path of the oncoming vehicle a split second before he was struck. Appellant states that in crossing the bridge it was necessary for Mr. Hill to walk on the portion thereof utilized by motor vehicles. On the other hand, appellees emphasize that there is no evidence to this effect and that the record is completely silent as to whether there was any other place on the bridge on which the decedent could walk.

Even though appellees argue the lack of evidence of the proximate cause in support of the verdict, appellant has not argued the point and has failed to point out any evidence which would enable the jury to determine the proximate cause without resort to speculation and conjecture. As appellees have pointed out, there was no evidence showing when the decedent stepped onto the portion of the highway traversed by vehicular traffic or the portion of the bridge which was in the path of appellees' vehicle nor to show the relative positions of decedent and appellees' truck at that time. He was not seen by either appellee until the instant of the impact and it is not shown that he was in a position where he could have been seen by the driver of that vehicle.

It might be argued that the jury could have inferred either that the decedent was walking on the bridge in the path of vehicular traffic at a time such that Hazel Maxwell should have seen him in time to avoid striking him or that he stepped into the path of her vehicle so suddenly that her keeping a proper look-

out would not have avoided his being struck. Yet a jury would have no evidence whatever to guide it in making its determination and would be left to speculation and conjecture only. An inference cannot be based upon evidence that is too uncertain and speculative or which raises merely a conjecture or possibility. The indulgence of inferences will not supply a nonexistent fact. Inferences to support a verdict arise out of facts established by evidence. Other inferences are purely speculative, guesswork or conjecture. It is not allowable under the rules of evidence to draw one inference from another or to indulge presumption upon presumption to establish a fact. To do so would carry the deduction into the realm of speculation and conjecture. *Glidewell* v. *Arkhola Sand & Gravel Co.*, 212 Ark. 838, 208 S. W. 2d 4.

In this case, the Maxwell vehicle was meeting another vehicle on the bridge in rainy or misty weather conditions. This situation should have been as obvious to Hill as it was to Mrs. Maxwell. As a pedestrian, Hill had a duty to exercise ordinary care for his own safety and to look out for and anticipate the presence and movements of vehicles. *Missouri Pacific Transp. Co.* v. *George*, 198 Ark. 1110, 133 S. W. 2d 37; *Lion Oil Refining Co.* v. *Smith*, 199 Ark. 397, 133 S. W. 2d 895; *Pate* v. *Fears*, 223 Ark. 365, 265 S. W. 2d 954; *Williamson* v. *Garrigus*, 228 Ark. 705, 310 S. W. 2d 8. While there was no burden on appellant to show that his decedent was free from negligence, it was incumbent upon him to offer such evidence tending to show proximate cause that a jury would not be left to speculation and conjecture to resolve that question between two equally probable possibilities. *Turner* v. *Hot Springs Street Railway Co.*, 189 Ark. 894, 75 S. W. 2d 675. He must have offered evidence tending to show that the deceased was in such position on the bridge that his presence could have been discovered by a driver in Mrs. Maxwell's position in time for her to have avoided striking him. The question as to how he came in contact with the Maxwell vehicle could not be left as a matter of conjecture, when it is

just as reasonable to say that Hill's own negligence may have caused his death. *Porter* v. *Scullen,* 129 Ark. 77, 195 S. W. 17; *Missouri Pac. R. Co.* v. *Ross,* 194 Ark. 877, 109 S. W. 2d 1246. There simply was no evidence to take the issue out of the realm of speculation and conjecture, so the trial court correctly directed the verdict.

In effect, the majority has placed the burden of proving that their acts were not the proximate cause of the decedent's death upon appellees. This is unique in our law and procedure.

I would affirm the judgment.

BROWN, J., joins in this dissent.