Patsy TRENT and W.W. Trent *v.* KMS, INC., et al.

CA 95-1259                                   935 S.W.2d 6

Court of Appeals of Arkansas
En Banc
Opinion delivered December 23, 1996
[Petition for rehearing denied January 22, 1997.]

*Keith Blackman,* for appellants.

*Womack, Landis, Phelps, McNeill & McDaniel,* by: *Mark Alan Mayfield,* for appellee Dale Walker.

*Snellgrove, Laser, Langley , Lovett, & Culpepper,* by: *Todd Williams,* for appellee KMS, Inc.

JOHN B. ROBBINS, Judge. Appellant Patsy Trent brought a tort action against KMS, Inc. (the owner of a Bonanza Steakhouse in Jonesboro), and Dale Walker, the individual who had recently applied a sealant to the surface of the asphalt parking lot at this Bonanza restaurant. Mrs. Trent alleged that she slipped and fell on the slick asphalt and sustained injuries. She further alleged that her injuries were caused by improper sealing by appellee Dale Walker and the negligence of appellee KMS for allowing her to walk on asphalt that it knew or should have known was slick and dangerous. The appellees moved for summary judgment, which was granted against Mrs. Trent. She now appeals, arguing that the trial court erred in granting summary judgment.[1] We agree and reverse.

In *Renfro v. Adkins*, 323 Ark. 288, 914 S.W.2d 306 (1996), our supreme court summarized the standards for summary judgment review as follows:

> In these cases, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Nixon v. H & C Elec. Co.*, 307 Ark. 154, 818 S.W.2d 251 (1991). The burden for sustaining a motion for summary judgment is always the responsibility of the moving party. *Cordes v. Outdoor Living Center, Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989). All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Lovell v. St. Paul Fire & Marine Ins. Co.*, 310 Ark. 791, 839 S.W.2d 222 (1992); *Harvison v. Charles E. Davis & Assoc.*, 310 Ark. 104, 835 S.W.2d 284 (1992); *Reagan v. City of Piggot*, 305 Ark. 77, 805 S.W.2d 636 (1991). Our rule states, and we have acknowledged, that summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and when the moving party is entitled to summary judgment as a matter of law. Ark. R. Civ. P. 56(c); *Short v. Little Rock Dodge, Inc.*, 297 Ark. 104, 759 S.W.2d 553 (1988); *see also Celotex Corp. v.*

---

[1] We attempted to certify this case to the Supreme Court as one presenting a question about the law of torts pursuant to Rule of Supreme Court 1-2(a)(16). However, certification was denied.

*Catrett*, 477 U.S. 317 (1986).

In Mrs. Trent's complaint against the appellees, she alleged that she and her husband were dining at this Bonanza on December 2, 1989. While walking in the parking lot after dinner, she slipped and fell, suffering injuries. Since the fall, Mrs. Trent has incurred medical expenses and has missed work, and asserted in her complaint that she is now permanently and totally disabled. She alleged that her injures were the result of negligence on the part of KMS and Dale Walker. Specifically, she claimed that KMS was negligent in allowing customers to use a parking lot with a slick surface as a means of ingress and egress to and from the restaurant. Mrs. Trent further claimed that Mr. Walker was negligent because he failed to use sand or a similar agent in the sealant and this failure was a proximate cause of her injuries.

In their answers, both KMS and Mr. Walker admitted that Mrs. Trent had fallen and injured herself on the asphalt. However, both appellees denied any negligence or liability. In addition, both appellees pleaded contributory negligence on account of Mrs. Trent's failure to give proper lookout and exercise ordinary care.

The motion for summary judgment filed by the appellees asserted that Mrs. Trent had submitted no evidence of negligence which would create a question of fact or support a verdict in her favor. The trial court agreed and granted the appellees' motion for summary judgment.

In Mrs. Trent's deposition, she indicated that on the evening that she fell, the parking lot was not well lit and she was walking down an incline. Although it was not raining and the asphalt was not wet, she found it to be very slippery. The deposition of Mr. Walker was also very informative. He stated that he has been in the sealing business for a number of years and that until about 1987 he mixed sand into his sealing compounds. However, he discontinued this practice and when he sealed the Bonanza parking lot in August 1989 he did not use sand. The evidence suggested that it is customary for sealers to use sand for this purpose. Mr. Walker produced an invoice which read, "Caution, sand or slag recommended in all sealer applications." Despite this warning, he failed to use sand when he sealed the Bonanza parking lot. Mr. Walker remembered that the manufacturer said that it may be necessary to mix sand in

the sealant on inclined areas.

Kelly Hale, manager of the Jonesboro Bonanza, also gave a deposition. He stated that between August 1989 and December 1989, when Mrs. Trent fell, at least three other ladies had slipped and fallen in the same area of the parking lot. Before Mr. Walker sealed the lot there had not been a problem with people slipping in this area, and prior to Mrs. Trent's accident KMS had taken no action to remedy the problem.

We find that the undisputed facts of this case did not justify a summary judgment ruling in favor of either KMS or Mr. Walker. Mr. Walker knew that it was customary to combine sand with the sealing agent, yet failed to do so. KMS was apparently aware of prior accidents on the inclined area of the parking lot, yet failed to warn customers of potential danger or attempt to cure the problem. A property owner has a general duty to exercise ordinary care to maintain its premises in a reasonably safe condition for the benefit of invitees. *Dye v. Wal-Mart Stores, Inc.*, 300 Ark. 197, 777 S.W.2d 861 (1989). The answers to interrogatories and depositions before the court presented genuine issues as to whether Mr. Walker's actions and KMS's inaction constituted negligence. This should have been a jury determination. Therefore, we reverse the trial court's summary-judgment rulings.

Reversed and remanded.

JENNINGS, C.J., COOPER, and MAYFIELD, JJ., agree.

PITTMAN and GRIFFEN, JJ., dissent.

JOHN MAUZY PITTMAN, Judge, dissenting. I respectfully dissent from the majority opinion reversing the entry of summary judgment in favor of appellee, KMS, Inc..

It is undisputed that Gem Seal, the manufacturer of the coal tar sealant used by Walker, recommended that sand be added to the mixture to give more traction on an incline, that the area in which appellant fell was on an incline, and that Walker failed to use sand in surfacing the parking lot. However, there was no testimony from the President of Gem Seal, George Mariani, that the absence of sand was the proximate cause of appellant's fall. He said that the absence of sand in the mixture was only one consideration of several that could have caused appellant's fall. He had *no* opinion on that issue and could not say that appellant's fall would have been pre-

vented if sand had been added. Mariani also testified that an engineering study would be required to determine whether sand should have been used on the Bonanza parking lot.

It is established that the mere fact that someone slips and falls does not give rise to an inference of negligence. *Morehart* v. *Dillard Dep't Stores*, 322 Ark. 290, 908 S.W.2d 331 (1995); *Arkansas Kraft* v. *Cottrell*, 313 Ark. 465, 855 S.W.2d 333 (1993). The plaintiff's description of the surface as slick or slippery alone is insufficient to support a case of negligence. *Black* v. *Wal-Mart Stores, Inc.*, 316 Ark. 418, 872 S.W.2d 56 (1994). Causation is established if reasonable men conclude that it is more probable than not that the event was caused by the defendant. *Hill* v. *Maxwell*, 247 Ark. 811, 814, 448 S.W.2d 9 (1969). However, proximate cause need not be proven with certainty, *Parker* v. *Seaboard Coastline R.R.*, 573 F.2d 1004 (8th Cir. 1978). But, proximate cause cannot be based on a choice of possibilities that require the jury to speculate as to causation. *Morehart, supra; Ark. Kraft, supra.* In other words, evidence showing possible causes of a fall, as opposed to probable causes of a fall, does not constitute substantial evidence of negligence. *Safeway Stores, Inc.* v. *Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986).

There was evidence that Walker subsequent to appellant's fall resurfaced the lot using sand in his sealing compound. Subsequent remedial measures are inadmissible to prove negligence. Ark. R. Evid. 407. Thus, the court erred in considering this inadmissible evidence in deciding the motion for summary judgment. *Dixie Ins. Co.* v. *Joe Works Chevrolet, Inc.*, 298 Ark. 106, 766 S.W.2d 4 (1989). In the absence of any objection, it would not be error for the court to disregard inadmissible evidence on motion for summary judgment. *Douglas* v. *Citizens Bank*, 244 Ark. 168, 424 S.W.2d 532 (1968), concurring opinion.

Based on my review of the evidence, I believe entry of summary judgment was proper because the evidence presented by appellant as to causation would have required the jury to speculate as to the cause of her fall.

GRIFFEN, J., joins in this dissent.