AMERICAN BONDING COMPANY OF BALTIMORE *v.* MORRIS.

Opinion delivered June 3, 1912.

1. PLEADING—EFFECT OF SUBSTITUTED COMPLAINT.—After an amended complaint is substituted for the original, the latter can no longer be considered a pleading in the case. (Page 285.)

2. SAME—SUBSTITUTION OF COMPLAINT.—EFFECT OF FAILURE TO WITHDRAW ANSWER.—Where the answer to an original complaint is not withdrawn on substitution of an amended complaint, it stands as an answer to the amended complaint. (Page 286.)

3. APPEAL AND ERROR—AMENDMENT OF PLEADING—DISCRETION.—Under Kirby's Digest, § 6145, authorizing the amendment of pleadings in furtherance of justice, the matter of allowing amendments thereof is discretionary and will not be ground for reversal unless it affirmatively appears that there was a plain abuse of discretion. (Page 286.)

4. PLEADING—SUBSTITUTION OF ANSWER.—Except under very special circumstances, leave will not be granted to the defendant to file an amended answer in which it is proposed to take entirely new ground and change entirely the character of the defense. (Page 287.)

5. APPEAL AND ERROR—AMENDMENT OF PLEADING—DISCRETION OF COURT.—It was not an abuse of discretion two years after the original answer was filed to refuse to permit defendant to file an amended answer

which proposed to change the character of the defense where there was no showing that the original answer was filed under a mistake of fact. (Page 287.)

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; affirmed.

### STATEMENT BY THE COURT.

Appellee filed his complaint on May 5, 1909, in the Pulaski Chancery Court against Hugh McLennan, a building contractor, the appellant, surety on his bond, as such, and eighteen other defendants, alleging that he had agreed with the said McLennan for the construction of a building for an orphanage near the city of Little Rock, to be maintained as a home for indigent orphans, as a public charity; that the contract price of the building was $86,440, "to be paid on estimates made by the architect, monthly, during the progress of the work * * * based on the value of the labor performed and material used in the building, 10 per cent. of the estimates to be retained until full completion and final acceptance of the work." A copy of the contract was set out in the complaint and also a copy of the bond executed by the contractor in the sum of $40,000, with the American Bonding Company, appellant, as surety thereon.

It was alleged: "That the building is now incomplete; that the architect has made monthly estimates up to and including the month of March, 1909, and that all sums owing by the terms of the contract have been paid, the plaintiff having retained 10 per cent. of the estimates as provided in the contract; that many persons have made demand upon plaintiff for the payment of claims which they allege to have against McLennan on account of said building; that some have given notice that they would assert liens, and others have caused writs of garnishment to be issued and served on plaintiff; that plaintiff gave defendant American Bonding Company notice of such facts and called upon it to appear and make defense therein if so advised. Plaintiff further alleges that he is informed as a matter of law that, since he owes defendant McLennan nothing, except as it may become due under said contract, and as the contract was made for the purpose of causing the construction of a building to be used exclusively as a public

charity, the building is not subject to mechanics' liens; that he is much harassed and annoyed by the said suits and by the filing of said claims; that the claimants assert conflicting claims as to priority between themselves, and that the matter will be the subject of litigation in many cases unless the questions are adjudicated in this cause.

"Plaintiff therefore asks that the various parties be required to come into court and assert their claims, and the court will determine who is entitled to whatever amount plaintiff may owe or hereafter owe to defendant McLennan."

Appellant answered on July 16, 1909, admitting the execution of the bond and the contract sued on, and "the defendant further says that said bond was executed with the distinct understanding and agreement that the said plaintiff would use due diligence to see that the said McLennan should perform said contract, and would not vary therefrom, and that all payments which said plaintiff might make on said contract would be made in such a way as to protect this defendant, and to secure it against any loss on said bond, and the defendant insists that neither the said plaintiff, nor any creditor of said McLennan, has any right to appropriate any part of the contract price of the said building to any debt or obligation of the said McLennan until after the said McLennan shall have fully discharged his obligations to the said plaintiff and released this defendant from any liability on said bond.

"The defendant further says that, for the reasons set forth in the said complaint, none of the claims for labor or material in said building can be enforced, or is a lien against said property, and defendant says that said building is now completed, and that, upon a fair and just settlement between said plaintiff and the said McLennan, there is nothing due from said McLennan to the said plaintiff on account of said contract."

It also demurred to the complaint, but there seems to have been no ruling of the court upon the demurrer.

On October 28, 1909, appellee filed an amended and substituted complaint, amplifying the allegations of the original complaint and setting out in more detail the facts relating to the history of the construction of the building, but making no change in the allegations relative to the execution and erms of the bond.

It urther alleged that soon after the estimate in March it became apparent that the contractor was unable to carry out his contract, and that the plaintiff had an interview with him and with the surety on the contractor's bond to decide what course was best to pursue in completing the building. That it was agreed that the plaintiff should guaranty and be responsible for the materials thereafter furnished and labor performed, and the amount paid on such guaranty should be charged to the contractor under the contract. That the work was begun on August 30, 1908, and completed and the last payment made on October 14, 1909.

An itemized account of the cost of the building with the amounts paid on account of it was filed, which showed that the plaintiff had paid $730.20 in excess of the contract price, for which he claimed judgment against McLennan and the Bonding Company. It then sets out the names of all claimants who had attempted to assert liens and those who had given notice that they would do so, making them defendants, and prayed "that this court will inquire into the validity of each and all of the said claims, and upon a final hearing will adjudge that the orphanage building, having been erected for the purpose of a public charity, is not subject to mechanics' liens, and that the only indebtedness that ever existed from the plaintiff to the defendant McLennan has been fully paid, and, having been contracted for the purpose of constructing a building to be used as a public charity, the plaintiff was not subject to garnishment at the suit of any of the defendants; but, if the court shall ascertain and determine the issue, either upon the claims of mechanics' liens, or upon the garnishments against plaintiff, then and in such event the plaintiff prays in the alternative that the court will ascertain the order of priorities between the defendants, if there be any, and what amounts the defendants, or either of them, are entitled to demand of the plaintiffs together with the basis of such right, and will, by its decree, fix the amount due to each, and that it will render judgment in plaintiff's favor against the defendant McLennan and the surety upon his bond for all such amounts, together with the amount to which plaintiff is entitled because of excessive payment and the defective construction of the

floors, as hereinabove set out; and the plaintiff further prays for all other relief to which he may be entitled."

No answer was filed by appellant to the amended and substituted complaint, and the cause was heard upon several of the interventions, and a decree rendered fixing a lien on the building in favor of Nowlin Lumber Company, Hilliard Brothers and the Southwestern Tile Company, for the respective amounts of $1,966, $1,933, and $423.55, which amounts were ordered to be paid within sixty days, and the property to be sold if it was not done, and further "that the said John B. Morris have and recover of and from the American Bonding Company the said several amounts as aforesaid, and have execution therefor on payment of any of the amounts aforesaid," with judgment for costs also arising from the intervention.

Both John B. Morris and the American Bonding Company, parties hereto, appealed from that decree to the Supreme Court, and no question was raised as to the liability of the Bonding Company, and the decree of the chancellor was affirmed on July 10, 1911.

Thereafter, when the cause proceeded to a final hearing upon the other claims, appellant tendered a pleading, which it termed a supplemental answer to the amended and substituted complaint of appellee, in which it denied that the architect made monthly estimates up to and including the month of March, 1909, as provided in the contract, and alleged that the plaintiff made payments to the contractor on estimates of the architect more frequently than once a month, in violation of the contract; that plaintiff, after making the March payment, on March 5, and before the April payment became due, the contractor having defaulted between the two dates, and been notified thereof on March 27, made three payments to the contractor aggregating $8,245.55. That said payments were made in violation of the contract between plaintiff and Hugh McLennan, and in violation of the duty which plaintiff owed defendant upon the bond, and without the consent or knowledge of the defendant; that it is thereby released and discharged from liability upon the bond of the contractor.

Appellee filed a formal remonstrance against permitting the answer to be filed, setting out that the decree first ren-

dered in this cause, and affirmed by the Supreme Court on appeal, was an adjudication of appellant's liability upon the bond; that the defense presented by the answer had already been adjudicated.

It set out a history of the default of the contractor, the notice thereof to the Bonding Company, the construction of the building, the payment therefor, the filing of the claims and liens, that appellant assumed the conduct of the litigation resisting the liens asserted, without questioning its liability upon the bond if they were established; that it would be inequitable and unjust to permit the Bonding Company now to make an issue as to its liability. "The manner in which this cause has been conducted and the fact that the liability of the defendant Bonding Company on the bond sued on was assumed as to any claim which might finally be held to be a lien on the property is a fact within the knowledge of this court, and which has been demonstrated in open court during the conduct of the cause, and the plaintiff stands ready to make proof of the other facts alleged if the court demands such proof for the purpose of showing that the amended answer should not be admitted to the files."

The court decreed that it would be an abuse' of its discretion to permit the amended answer to be filed at the time, reciting as the reason that when the cause went to a hearing upon the claims of Nowlin Lumber Company, Hilliard Brothers and the Southwestern Tile Company, "it was understood and agreed in open court between counsel representing all parties, including the Bonding Company, that the decision finally rendered on the said claims should be binding with respect to all claims presented in this cause, on the questions as to the liability of the orphanage property to be charged with mechanics' liens and the liability of the Bonding Company upon its bond, on account of any claim which should thereafter be charged as a lien by the decrees in this cause. In fact, counsel for the Bonding Company admitted its liability as to any claim which should be charged as a lien, and to a large extent conducted the defense against the right to charge liens upon the orphanage;" and denied the motion to file the answer.

The cause was then heard upon the other interventions, and a decree entered allowing the claims for a certain amount

and authorizing the collection of a certain other amount, a certain per cent. of their claims, and the property ordered sold if they were not paid. It was further ordered that the said John B. Morris have and recover of and from the American Bonding Company all sums of money properly paid by him in accordance with the decree, and that he have execution. Both the parties hereto appealed from this decree, but appellee paid and satisfied these liens found to exist, and the appeal of the Bonding Company from so much of the decree as affected it is the matter now before the court for its decision.

Later, the appellant filed a petition, setting out his motion for leave to file his supplemental answer, setting out violations of the contract by appellee between him and the contractor· which it claimed released it as surety, and that same was denied because of the court's understanding, as already recited, of an agreement by it to be bound by the decision on appeal from the decree, and denied any such agreement by its counsel, or understanding or any agreement made, which precluded it from making the defense alleged in its answer; that no evidence of any such understanding or agreement was before the chancellor when the decree was made; that it was not competent for the court to make a finding if such was the fact; that such supposed understanding had not been ·expressed in any formal way by writing or otherwise and was without effect, and that it never authorized, consented to, satisfied, or approved any such understanding, agreement or admission on the part of its counsel, who had no authority whatever to make it. It prayed that the order overruling its motion to file the amended answer be set aside.

To this motion appellee filed the affidavit of Geo. B. Rose, in which it was stated that he had been the attorney in charge of the litigation and was advised by his partner, Judge Hemingway, when it was turned over to him, that the Bonding Company did not contest its liability to Bishop Morris, and would have substantial charge of the defense, his duty being limited to seeing that the claimants were before the court and the agreement carried out. That Mr. Fletcher, appellant's counsel, up to the time of his death, conducted the cause, made all the briefs in the Supreme Court, and filed them, without submitting them to or consulting him. That he

helped argue the cause below, presenting only such views as Mr. Fletcher wished advanced. Appellant's counsel prepared the decree in that cause first appealed from giving judgment against the Bonding Company for any sums appellee might be out. This petition was denied by the court for the same reasons as the answer was not permitted to be filed.

Appellee then filed a motion to correct the decree, calling attention to the allegations in the amended and substituted complaint of an overpayment on account of the building of $730.20 more than the contract price, for which he was entitled to judgment against McLennan and the surety, the Bonding Company. That this allegation had not been denied, and that by inadvertence the decree was drafted without giving judgment for the amount. Prayed that the decree be amended and corrected, and for judgment for the amount with interest.

It further alleged that the commissioner advertised the property to be sold for the liens charged against it by the court in favor of the various creditors, and appellee relied upon the Bonding Company to pay off and discharge the liens until the day of the sale, when, seeing it had not been done, to protect the property, he paid off and discharged the claims fixed as liens against the property by the decree. That he paid on that account to the commissioner $12,048.09. That it be adjudged that he have and recover of and from the Bonding Company the several amounts charged as liens upon the property, and, since he had paid the full amount thereof, aggregating said amount, he asked execution against the defendant in that sum, and that the decree be amended accordingly. The court thereupon amended the decree as requested.

*Ratcliffe & Ratcliffe* and *Luther E. Mackall,* for appellant.

1. The defense set out in appellant's answer is a complete bar to recovery. 73 Ark. 473, 84 S. W. 636; 79 Ark. 523, 96 S. W 745; 5 L. R. A. ( N. S.) 418.

2. The court erred in refusing to permit appellant to file the answer. (a) The record shows that it was the first and only answer to the amended and substituted complaint, and, no default having been taken against appellant, the court had no discretion to deny the right to file it, but, on the contrary, appellant had the absolute right to have it filed and

considered. (b) If it be conceded that this answer was an amended pleading which the court had the discretion to refuse, yet this discretion is subject to review on appeal; and if on appeal it is found that such discretion was improperly exercised, this court will reverse. This discretion was abused in this case, because, (1) the decree of July 22, 1910, although an adjudication of appellant's liability as to the three liens therein mentioned, did not preclude appellant, in a subsequent contest as to its liability for other liens, from making a defense not made in the former suit. 94 U. S. 351; 121 U. S. 525; 140 Mass. 49; 143 Mass. 516; 111 Ind. 10; 104 N. Y. 170; 114 Pa. St. 510; 94 U. S. 606; 99 Mass. 200. (2) It would not be inequitable to permit it to be filed, the delay in filing same not having injured appellee or deprived him of any right to which he was entitled. (3) As to the alleged concession or admission of counsel for appellant, the rule is that whatever may be the powers of an attorney of record in making admissions of fact and doing other acts necessary or incidental to the prosecution or defense of a suit, he has no power to admit, in such a way as to bind his client, erroneous positions of law. 3 Fla. 136; Weeks on Attorneys at Law, § 219; 138 U. S. 656; 4 Baxt. (Tenn.) 450.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1. The allegations of the rejected answer constitute no defense to the action.

2. If they did constitute a defense, appellant waived it, and is estopped to urge it, by its acts and conduct, as set out in the substituted complaint and as shown by the answer and depositions on file, which were not denied by the answer tendered. Appellant could not enjoy the privileges of a surety, and thereby assume to direct appellee's course in the contest as to the liens, and repudiate the liability of a surety after the liens had been established. 53 Wis. 593; 69 N. W. 364, 367; Bouvier's Law Dict.; 13 How. 307, 332, 333, 336, 337; 156 U. S. 680, 689; 96 U. S. 258, 267; *Id.* 577; 53 Ark. 494; 57 Ark. 632, 638; 64 Ark. 213; 83 Ark. 306; 94 Ark. 443.

3. The former decree was an adjudication of appellant's liability, and precluded further inquiry on that point. 7 Wall. 82; 14 Bush 746, 763; 3 Enc. of Pl. & Pr. 652, 659; 1

*Id.* 151, 153; Bliss on Code Pleadings, § 118; 16 N. Y. 548, 554; 20 Kan. 147, 152; 14 Kan. 125; 23 Kan. 119; 6 Humph. (Tenn.) 87, 92; 35 Mo. 406; 12 Wis. 276, 299; 10 Ark. 326; 18 Ark. 347; 63 Ark. 259; 94 U. S. 351.

4. Appellant was precluded from making the defense tendered by its agreement and admission made in open court, "that the decision finally rendered on the said claims should be binding with respect to all claims presented in the case, on the question as to the liability of the orphanage to be charged with mechanics' liens, and the liability of the Bonding Company upon its bond, on account of any claims which should thereafter be charged as liens by the decrees in this cause." 174 U. S. 412, 422; 188 U. S. 537, 542; 36 Mo. 150; 50 N. W. (Minn.) 933; 32 N. W. (Ia.) 277; 76 Am. Dec. 256, and cases cited; 75 75 N. E. (N. Y. App.) 401; 43 Mo. 491; 12 Ill. 79; 6 Humph. (Tenn.) 319; 5 Peters 99; 103 U. S. 261.

5. If the defense was not barred, the request to file the answer out of time was addressed to the discretion of the court, and its ruling was proper. 49 Ark. 253, 256; Kirby's Dig., § § 6145, 6146.

KIRBY, J., (after stating the facts). Did the court abuse its discretion in refusing to allow defendant to file the supplemental answer?

The amended and substituted complaint took the place of the original complaint, which thereafter could not be considered a pleading in the case. It alleged, as did the original complaint, that the appellee had retained from the payments due the contractor the 10 per cent. of the estimates, as provided in the contract. And the answer to the first complaint, not being withdrawn, was an answer thereto. In it no denial of liability of the surety company for any default of the contractor was attempted to be, set up, nor was it intimated that it had been released as surety by any conduct upon the part of the appellee. Said answer did not deny the allegations of the complaint. It claimed only that appellee and the creditors of the contractor had no right to appropriate any part of the contract price of the building to any debt or obligation of the contractor until after he had fully discharged his obligations to appellee, and released the Bonding Company from liability, and that none of the claims for labor and material could be

enforced or were liens against said property; alleged that the building was completed, and that upon a fair and just settlement between appellee and the contractor there was nothing due from the contractor to him. The court rendered a decree, holding three of the claims valid and that the claimants were entitled to a lien therefor against the building, and that the appellee herein should have and recover from the Bonding Company judgment for said several amounts of the claims. Both the Bonding Company and appellee appealed therefrom, and its attorney wrote the judgment against it and conducted the case in the Supreme Court. After its affirmance here and in the hearing further of the matter below, on the other claims, it tendered an answer, denying liability upon the bond and claiming to have been released as surety therefrom by the conduct of appellee in not retaining 10 per cent. out of the payments due the contractor upon the estimates of the architect, as provided in the building contract, which answer the court refused to permit to be made.

It had the right to answer the amended and substituted complaint, and, not having done so, its answer to the original complaint was an answer thereto. In both the complaints it was alleged that the appellee herein had retained the 10 per cent. of the payments due the contractor, as shown by the architect's estimates, in accordance with the terms of the contract, and said allegation, not being denied, was admitted. To have permitted the filing of the answer tendered would have changed entirely the issue and would not only have been inconsistent with appellant's conduct of the case throughout, but contradictory as well, in allowing it to deny two years afterwards the fact which was expressly alleged and admitted by it in the beginning. It was not shown by affidavit, or otherwise, that the original answer was filed under any mistake as to the facts, nor that all the facts were not as well known to appellant at the time it was filed as when the unverified supplemental answer was tendered.

Our statute is liberal and permits the court in its discretion, for good cause shown, to extend the time for filing an answer beyond that limited by law. Kirby's Digest, § § 6116 and 6146. It is likewise liberal relative to the amendment of pleadings (Kirby's Digest, § 6145), permitting certain

amendments to be made at any time in furtherance of justice, even during trial, when they do not change substantially the claim or defense. The whole matter however is within the discretion of the trial court, which must depend largely upon the special circumstances of each case, and in reviewing the exercise of discretion in granting or refusing leave to amend, this court does not reverse the action of the trial court unless it affirmatively appears that there was a plain and manifest abuse of discretion.

"Except under very special circumstances, leave will not be granted to the defendant to file an amended answer, in which it is proposed to take entirely new ground, and change entirely the character of the defense." 1 Enc. Pleading & Practice, 499.

In *Miller* v. *Fraley*, 23 Ark. 736, the court said: "The discretionary power of the court to allow amended or supplemental answers to be filed, unless abused or exercised in violation of established rules, is not the subject of review." See also *Reynolds* v. *West*, 32 Ark. 244; *Bluff City Lumber Co. v. Hilson*, 85 Ark. 39; *Patrick* v. *Whitely*, 75 Ark. 465; *Kempner* v. *Dooley*, 60 Ark. 527; *Mooney* v. *Tyler*, 68 Ark. 315.

Here leave was asked to file a pleading, as an answer or an amendment to an answer, in which it was proposed to change entirely the character of the defense and set up an altogether new one, more than two years after appellant had filed an answer to the original complaint, not denying the fact alleged therein, which is now proposed to be denied to establish a defense thereto. No excuse is shown for the delay, nor any showing made that it labored under a misapprehension or mistake as to any of the facts at the time of the filing of the original answer.

As already said, it was within the discretion of the court to grant or refuse permission to file the answer, and we do not find any abuse of judicial discretion in the chancellor's refusal to permit the filing of the amended answer, under the circumstances of this case.

The decree is affirmed.