BOURLAND *v.* CARAWAY.

Opinion delivered May 25, 1931.

*James B. McDonough,* for appellant.

*Partain & Agee,* for appellee.

HUMPHREYS, J. This is an appeal from separate judgments obtained by appellees against appellant in actions for personal injuries received in an automobile collision, which causes were consolidated in the circuit

court of Crawford County for trial. The issue joined by the pleadings was whether appellees were injured by the negligent driving of appellant or through the negligent driving of appellee J. D. Caraway, with whom appellee Isham Burrow was riding as a guest.

When the jury was being impaneled to try the case, counsel for appellees was allowed, over the objection and exception of appellant, in order to ascertain whether any of them were interested, to propound to the jury upon their *voir dire* the following question:

"Any gentleman who may be called upon this jury, interested in any way, as an employee, agent, or stockholder in any liability insurance company for the protection against automobile accidents."

The collision occurred late in the evening on the 7th day of July, 1929, about half way between Alma and Van Buren, when appellant, who was driving west, turned from the north side of the road to the south side thereof to pass automobiles in front of him. He passed one and intended to pass another and return to the north side of the road but the automobiles in the line of traffic on the north side were too close together for him to do so, and observed appellees, who were traveling east on the south side of the road toward him, and in an effort to prevent the collision, he threw on his brakes and turned his car south or toward the ditch on the left in the hope that appellees might pass between his car and the traffic on the north side of the road. The road was only 24 feet wide, including shoulders on each side of the concrete, which was only 18 feet wide. When the brakes were applied, appellant's car skidded some 25 to 45 feet in an angling position across the road before it stopped, and, although appellees turned to the left in order to avoid striking appellant's car, they struck it near the door, and the impact threw all of them out onto the pavement, rendering them unconscious.

The record reflects that Burrow, in addition to being rendered unconscious for several hours, sustained three large gashes on his forehead, a cut beside his eye, which left scars, and bruises on his knee, arm, and shoulder; that sixteen months after the accident he suffered severe headaches and kidney trouble and that he lost 25 pounds, which he never regained; that he was unable to work at his occupation from the date of the injury until September 1st; that he expended $17.50 for hospital bills and $37 to the Cooper Clinic.

The record also reflects that, in addition to being rendered unconscious, J. D. Caraway sustained a cut on his forehead, which left a scar, cuts and bruises on his knee, and a gash across his shin bone; that his front teeth were knocked loose, and that he remained in the hospital for several days; that he expended over $100 for doctors and hospital bills; that he was unable to return to his work for 46 days; that the ligaments in his knee were permanently injured.

The jury awarded damages to Burrow in the sum of $2,000, and to Caraway in the sum of $1,200 for their respective injuries.

The testimony introduced on behalf of appellees tended to show that appellant was wholly to blame for the collision; whereas that introduced on behalf of appellant tended to show that the fault was entirely with appellees.

The first contention for a reversal of the judgment is that the court erred in permitting counsel for appellees to ask the jurors if any of them were interested in any liability insurance company for protection against automobile accidents. It is argued that the only purpose of asking the question was to leave a false impression upon the minds of the jurors that appellant was protected by insurance against the accident, so that they would the more readily return a verdict in favor of appellees. The argument is not supported by the record. In answer to

a question asked by the court, counsel for appellees stated that the question was propounded to obtain information. They were entitled to the information in order to intelligently exercise their right of challenge under the rule announced in the case of *Smith-Arkansas Traveler Co.* v. *Simmons,* 181 Ark. 1024, 28 S. W. (2d) 1052, and followed in the case of *Ellis and Lewis* v. *Warren,* 183 Ark. 613, 32 S. W. (2d) 167.

The second contention for a reversal of the judgment is that the court erred in giving each of nine instructions requested by appellees because they authorized a recovery without a finding of fact responsive to the declarations of law and responsibilities of drivers of automobiles required by the instructions. In other words, the instructions are assailed as being abstract or inherently wrong because not hypothetical. The instructions are not subject to such an attack and could not be unless they were without support in the evidence. Upon examination, we find that each of them was responsive to or touched upon some phase of the evidence. Correct declarations of law embodied in instructions are not abstract and inherently wrong simply because they do not require the jury to make a specific finding of fact before applying them. It was appellant's privilege to request that the instructions be amended so as to make them concrete and hypothetical, and, had he done so, it would have been error on the part of the court to refuse the request, but the appellant contented himself with making a general objection to each of the instructions. The law of negligence and contributory negligence was correctly declared and given by the court, so it cannot be said that the instructions were inherently wrong because they did not tell the jury that, before they could find for appellees, they must find that appellees themselves were in the exercise of due care. The undisputed fact is that the injuries resulted from the collision, and that the collision was the result of either the negligence of appellant or appellees; and, as the court correctly declared the law of negligence and contributory negligence, the instructions

were not inherently wrong because they failed to tell the jury that they could not find for appellees unless they found that appellant's negligence was the proximate cause of the injury.

The third and last contention for a reversal of the judgment is that the verdicts were excessive. The extent of their injuries are set out above and fully warrant a verdict in favor of J. D. Caraway for $1,200 and Isham Burrow for $2,000.

No error appearing, the judgment is affirmed.