SUPERIOR FORWARDING CO. v. SIKES.

5-2456 349 S. W. 2d 818

Opinion delivered October 2, 1961.

[Rehearing denied October 30, 1961.]

*Reid & Burge, Gardner & Steinsiek* and *Kirsch, Cathey & Brown,* for appellant.

*McMath, Leatherman, Woods & Youngdahl* and *Douglas Bradley,* for appellee.

SAM ROBINSON, Associate Justice. This is a personal injury case arising out of injuries received by appellee Sikes while helping to unload a truck belonging to appellant Superior Forwarding Company, a common carrier engaged in the trucking business. Appellant Fred Russell was the trucking company's driver at the time. Appellee Sikes recovered a judgment in the sum of $35,000 for damages sustained. The trucking company and Fred Russell have appealed. There is no contention that the judgment is excessive. One Tommy Russell was actually the owner of the truck involved but

had leased it to the trucking company. He was named a party defendant in the complaint and filed a demurrer. The demurrer was sustained by the trial court and Sikes has cross appealed from the court's action in that respect.

Appellee Sikes was a common laborer working for the East Arkansas Lumber Company, which company was at the time constructing a building at Paragould for the Storey Realty Company of Charleston, Missouri. The building when completed was to be occupied by the Kroger Company, at that time doing business in another building in Paragould. The trucking company while engaged in the regular course of its business had a large freezing cabinet packed in a crate, weighing about 1,900 pounds, to deliver to Kroger at Paragould. The freezer was loaded in a stake body flat bed truck at the trucking company's place of business near Corning, Arkansas. Fred Russell, following instructions of the trucking company, his employer, drove the truck to Paragould to deliver the freezer to Kroger. Of course, Russell could not unload the heavy piece of equipment alone and he had no mechanical facilities he could use to accomplish the unloading. The trucking company operated under a tariff which provides that it is the duty of the consignee to unload freight that is too heavy for the truck driver to handle. When Russell arrived at Paragould he did not notify the Kroger people of his arrival with the freight that he could not unload by himself. He took the equipment to the building that was under construction that would be occupied by Kroger when completed. There appellee Sikes, the laborer working for East Arkansas Lumber Company in the construction of the building, helped to unload the equipment and was injured when the heavy freezer fell on him while it was being unloaded.

Appellants argue that there is no substantial evidence to support the verdict, but without here abstracting the evidence, which would unduly extend this opinion, suffice it to say that when viewed in the light most favorable to the appellee, which we must do, we cannot

say there was no substantial evidence to support the verdict. The jury could have found from the evidence that Fred Russell, acting within the scope of his authority as agent for the trucking company, obtained the services of Sikes to help unload the heavy equipment; that the equipment was in charge of and under the care of Russell until delivery was completed; and that the delivery was not completed at the time the freezer fell on Sikes; that Russell was negligent in the manner of unloading the equipment and that as a result of such negligence Sikes was injured. True, there is considerable conflict in the evidence as to just what occurred in connection with the unloading. Russell says that East Arkansas Lumber Company took over the job of unloading and indicates that the lumber company did so as agents for Kroger. But there is evidence that East Arkansas had no contract with Kroger, was under no obligation to Kroger and had made no agreement to unload freight for Kroger. Appellant Fred Russell testified that Curt Hayden, foreman for East Arkansas, took over the job of unloading and directed how it should be done. Hayden flatly denies that he was even there until the crate containing the freezer had been skidded out of the truck onto the planks supported by concrete blocks. He testified that Fred Russell drove the truck forward, thereby removing the support from the end of the planks, and that the crate fell on Sikes a moment after his (Hayden's) arrival; that he had nothing whatever to do with unloading the crate. Perhaps Hayden's testimony is against the preponderance of the evidence, but this Court does not set aside a jury verdict merely because it is against the preponderance of the evidence. In *Metropolitan Life Ins. Co.* v. *Gregory,* 188 Ark. 516, 67 S. W. 2d 602, we said: "This court . . . has adopted the rule that, if there is any substantial evidence to support the verdict, it will be permitted to stand, although it might appear to us to be against the preponderance of the evidence."

The appellants next argue that the court erred in refusing to require the plaintiff's compensation carrier, Fidelity & Casualty Company of New York, to file an

intervention. Sikes was awarded workmen's compensation for having been injured in the due course of his employment. When this suit was filed against the trucking company, Fred Russell and Tommy Russell, the Fidelity & Casualty Company filed a motion asking that it be permitted to intervene. The court granted the motion, but the insurance company did not file an intervention, and prior to the trial appellant filed a motion asking that the insurance company be required to intervene. The motion was overruled. Appellant says that was error. We fail to see how the failure of the insurance company to intervene was in any manner prejudicial to the rights of appellant, or how appellee would be bound by anything that the insurance company did or failed to do.

Appellants next argue the proposition that the trial court erred by failing to grant a mistrial because counsel for plaintiff asked one question of the jury panel seeking to ascertain whether any member was connected with any insurance company. The court asked the panel, "Do any of you own stock in or do you write or are you an agent for any liability or casualty insurance company?" There was no response. Counsel for plaintiff then propounded this question: ". . . the court asked you if any of you own stock or had an interest in a liability insurance company. Do any of you own stock or are you employed by any kind of insurance company?"

There were several types of insurance indirectly involved in the case. Tommy Russell, the lessor of the truck to the trucking company, under the rental contract was obligated to pay the workmen's compensation insurance premiums. The trucking company was obligated to pay the public liability, property damage and cargo insurance. We have held that it is improper to unnecessarily call to the jury's attention the fact that there is insurance in the case. *DeLong* v. *Green*, 229 Ark. 100, 313 S. W. 2d 370. But after all it is a question of good faith and whether counsel has acted in good faith in asking the jury panel about connections with insurance

companies is to a great extent a question to be determined by the trial court. This problem is discussed in 11 Ark. L. Rev. 13, where Mr. Robert Jones points out that it is a matter largely in the discretion of the trial court. In proper circumstances a question about insurance companies may be asked of the jury panel. Here we cannot say there was an abuse of discretion by the trial court. *Loda* v. *Raines,* 193 Ark. 513, 100 S. W. 2d 973 (1937); *Sutton* v. *Webb,* 183 Ark. 865, 39 S. W. 2d 314 (1931); *Bourland* v. *Caraway,* 183 Ark. 848, 39 S. W. 2d 316 (1931); *Ellis* v. *Warner,* 182 Ark. 613, 32 S. W. 2d 167 (1930); *Smith Arkansas Traveler Co.* v. *Simmons,* 181 Ark. 1024, 28 S. W. 2d 1052 (1930).

During the trial of the case it was necessary for plaintiff to prove that Fred Russell was the agent of the Superior Forwarding Company. Tommy Russell, originally a party defendant, but who was out of the case at the time by reason of the trial court's having sustained his demurrer, was the owner of the truck and had hired his relative, Fred Russell, as a driver of the truck, which was leased to the Superior Forwarding Company. The plaintiff called Tommy Russell to prove that Fred Russell was the agent of the trucking company at the time Sikes was injured. Under the circumstances of the relationship between Tommy Russell and Fred Russell and the contractual relationship between Tommy Russell and the Superior Forwarding Company, the court did not abuse its discretion in permitting cross examination of Tommy Russell by appellee. *Wallace* v. *Bernheim,* 63 Ark. 108, 3 S. W. 712; *Missouri Pac. R. R.* v. *Sullivan,* 197 Ark. 360, 122 S. W. 2d 947; *Plumlee* v. *St. Louis Southwestern Ry.,* 85 Ark. 488, 109 S. W. 515.

Next, appellants contend that the trial court erred in permitting the use of a deposition of Fred Russell, who was a party defendant. He was present in the courtroom and plaintiff had previously taken his discovery deposition. Ark. Stats., § 28-348 provides that the deposition of a party may be used by an adverse party for any purpose. Here Fred Russell was an

adverse party to the plaintiff. Hence, it was perfectly proper to use his deposition.

Appellants argue several other propositions, twenty points in all, including the giving, refusing and modification of instructions. We have examined carefully all points argued, but find no error.

On cross appeal appellee contends that the court erred in sustaining Tommy Russell's demurrer to the complaint. The answer to that contention is that the court merely sustained the demurrer. There was no final order dismissing the complaint as to Tommy Russell, but appellee did file an amended and substituted complaint in which Tommy Russell was not made a party defendant. In the circumstances the original complaint ceased to be a part of the record. *Waters-Pierce Oil Co.* v. *Bridwell,* 103 Ark. 345, 147 S. W. 64; *American Bonding Co.* v. *Morris,* 104 Ark. 276, 148 S. W. 519.

Affirmed on appeal and on cross appeal.

McFADDIN, J., dissents.