DUCKWORTH *v.* PEOPLES INDEMNITY INS. CO.

5-2663                          357 S. W. 2d 26

Opinion delivered May 14, 1962.

*Rhine & Rhine,* for appellant.

*Frierson, Walker & Snellgrove,* for appellee.

JIM JOHNSON, Associate Justice. This case involves a coverage exception clause in a fire insurance policy.

The material facts as between the appellants, Mr. and Mrs. Duckworth, and the appellee, Peoples Indemnity Insurance Company, are undisputed. The appellee issued a policy of fire insurance covering a farm dwelling owned by the appellants, Mr. and Mrs. Duckworth, which was subject to a mortgage in favor of the Federal Land Bank of St. Louis. The insurance policy bore a mortgage clause which provided for payment of loss to the Federal Land Bank of St. Louis and further provided that the interest of the mortgagee should not be invalidated by the occupation of the premises for purposes more hazardous than are permitted by the policy but that, in the event the company should be re-

quired to pay to the mortgagee any sum for loss or damage under the policy as to which no liability existed in favor of the mortgagor, the company should be legally subrogated to all rights of the mortgagee under its security. The principal policy provided that the company should not be liable for any loss or damage occurring while the hazard is increased by any means within the control or knowledge of the insured or while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days without written endorsement attached to the policy.

On or about July 7, 1960, the insured dwelling was destroyed by fire. The appellee company refused to pay the claim to the mortgagors, the appellants, Mr. and Mrs. Duckworth, contending that the house was unoccupied but paid the Federal Land Bank of St. Louis and demanded subrogation. The right of subrogation was acknowledged by a subrogation agreement executed by the Federal Land Bank of St. Louis and it is admitted by appellants that the right exists provided the building was, in fact, unoccupied at the time of the fire within the meaning of the policy.

The trial court found for appellee and in so finding recited the general rules relative to "vacant or unoccupied" as follows:

"In 29A Am. Jur., Page 112, § 907, it states:

"Although sometimes used interchangeably, the terms 'vacant' and 'unoccupied' are not generally regarded as synonymous terms in the law of insurance. 'Vacant' means without inanimate objects; 'Unoccupied' means without animate occupants . . . and the terms . . . 'Vacant or unoccupied', imply a situation in which the insured building . . . are without an occupant of the kind, and during the time, contemplated by the intention of the parties, as indicated by the terms and descriptions of the policy. A dwelling is 'occupied' when it is in actual use by human beings, who are living in it as a place of habitation, and is 'unoccu-

pied' when it has ceased to be a customary place of habitation or abode, and no one is living or residing in it.''

''In 29A Am. Jur., Page 115, § 910, it further states:

''If, however, a dwelling is left without an occupant for an unreasonable length of time, it should be deemed unoccupied irrespective of the intention of the occupant.

''On page 116, in § 911 of the same volume it states:

''Of course, if the policy expressly provided that it shall be void if the insured building, 'whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain' for a specific number of days, that provision controls . . .''

The sole issue presented for our consideration on this appeal is whether the property was, in fact, vacant or unoccupied at the time of the fire or whether the hazard was increased by a means within the knowledge or control of the insured appellants. It is undisputed that the last tenant of the property moved out about May 30, 1960, and that no one else occupied the property from that date until the fire on July 7, 1960, so that there is no question that as far as time is concerned it was unoccupied for at least the time prohibited by the policy.

Appellants each admitted that they were aware that their tenant, a Mr. Droke, moved out of the house about May 30, 1960, and were so advised by a letter received by them from Droke and that neither ever informed the company or its agents that the property was no longer occupied. Nobody was living in the house at the time of the fire.

The record is clear that appellants never actually resided in the house. They merely stored their furniture in two unused rooms while Droke was living in the house and left for a three months' visit in Arizona. They were last in the house about April 5 or 6, 1960. Appellants did, however, refer in their testimony to the fact that

the house was their home. We can from the record only conclude that they merely intended to make it their home upon their return. Appellants admitted that they never actually lived in the house themselves, never spent the night there and at the time of the fire nobody was eating or sleeping in the house or occupying it at all nor had there been any occupancy for approximately six weeks prior to the fire.

Applying these facts from the record to the correct general rules recited by the learned Chancellor as set forth above, we cannot say that the trial court's findings are against the weight of the evidence. Certainly the language of the policy is unambiguous; this being true the courts have no choice but to construe the insurance contract according to the plain import of its language. *Southern Surety Company* v. *Penzel,* 164 Ark. 365, 261 S. W. 920. It follows, therefore, that even the most liberal construction we could give in favor of the insured under the facts here presented justifies no conclusion except that the decree must be affirmed.

ROBINSON, J., dissents.