**TRANSPORT INSURANCE COMPANY, Plaintiff,**

v.

**MANUFACTURERS CASUALTY INSURANCE COMPANY, Pacific National Fire Insurance Company, and American Surety Company, Defendants.**

No. J 62 C 10.

United States District Court
E. D. Arkansas,
Jonesboro Division.
Feb. 14, 1964.

Reid & Burge, Gardner & Steinsiek, Blytheville, Ark., for plaintiff.

Kirsch, Cathey & Brown, Paragould, Ark., for defendants.

YOUNG, District Judge.

Plaintiff instituted this diversity action against defendants to recover a sum which plaintiff alleges is due from defendants under a policy of liability insurance issued by Manufacturers Casualty Insurance Company to Tommy Russell. Defendant Pacific National Insurance Company (formerly Pacific National Fire Insurance Co.) has succeeded to the policy liabilities of Manufacturers. Plaintiff is the liability insurance carrier for Superior Forwarding Company (hereinafter referred to as Superior).

On July 19, 1957, Paul Sikes was injured while unloading a truck operated by Fred Russell, owned by Tommy Russell and leased by Tommy Russell to Superior. Suit was instituted by Sikes against Superior and Fred Russell in state court, where a judgment was entered in favor of Sikes against Superior and Fred Russell, and, on appeal, was affirmed by the Arkansas Supreme Court in the case of Superior Forwarding Co. v. Sikes, 233 Ark. 932, 349 S.W.2d 818 (1961). Transport Insurance Co., plaintiff in the case at bar, conducted the defense in the state court action and satisfied the judgment rendered against Superior and Fred Russell.

Plaintiff's theory of the action which it now brings is based on an implied right of indemnity against defendants, that is, plaintiff contends that since Superior was held vicariously liable in the state court action for the tortious conduct of Fred Russell, Superior is entitled to recover by way of indemnity as against Fred Russell, and therefore plaintiff, as subrogee of Superior, is entitled to the same right of recovery against the insurer of Fred Russell. Prickett v. Hawkeye-Security Ins. Co., 282 F.2d 294, 83 A.L.R.2d 1224 (10th Cir. 1960). Pacific Employers Ins. Co. v. Hartford, 228 F.2d 365 (9th Cir. 1955). Defendants strongly resist any right of recovery by plaintiff and contend that the provisions of the respective policies bar any recovery by plaintiff. Defendants further argue that the terms of the lease contract between Superior and Tommy Russell preclude the relief sought.

It is settled law in Arkansas that a principal who has been held vicariously liable to a third person for the tortious conduct of its agent has a cause of action against the agent for the damages occasioned by such conduct. It follows that the principal's insurer, as subrogee of the principal, is entitled to indemnity against the agent or its insurer. Cf. Home Ins. Co. v. Lack, 196 Ark. 888, 892, 120 S.W.2d 355, 357 (1938); St. Louis, Ark., & Tex. R. R. v. Fire Ass'n, 55 Ark. 163, 174, 18 S.W. 43, 46 (1891). See also Davis, Rights and Liabilities in the Insurance Relationship—A Partial Survey, 5 Ark.L.Rev. 24, 40 and 41 (1950) (citing cases). 27 Am. Jur. Indemnity §§ 18 and 19 (1940). Therefore, plaintiff is entitled to bring the instant action.

This case was tried to the court and the issues which the parties have raised are as follows: (1) the effect to be given the state court action and the factual determination made therein insofar as relevant to the case at bar; (2) the status of Fred Russell at the time of the Sikes injury; (3) the effect of the liability insurance policy issued to Tommy Russell; (4) the effect of the liability insurance policy issued to Superior; and (5) the effect to be given the lease contract executed by Tommy Russell and Superior. In this opinion, the Court will deal with these issues in the order mentioned.

I

Plaintiff contends that the recital of facts in the opinion of the Arkansas Supreme Court in the case of

Superior Forwarding Co. v. Sikes, supra, is binding in the case at bar. The Court so ruled at the trial of the instant case, and defendants concede in their brief the correctness of this ruling if " * * * the recital of facts * * * are all inclusive with respect to the factual situation involved * * *." Defendants argue that the state court action established that Tommy Russell was not liable as a principal for Fred Russell. Defendants have further raised the question of whether or not the Sikes injury occurred through the operation of the truck leased to Superior.

The Court was of the opinion at the trial of the case at bar, and is now, that it was not established in the state court action whether Tommy Russell was liable as a principal for Fred Russell at the time of the Sikes injury; or, stated conversely, whether at that time Fred Russell was acting also as an employee for Tommy Russell within the scope of his employment. Hence, plaintiff was permitted, over defendants' objection, to offer testimony to establish that at the time of the Sikes injury Fred Russell was acting not only within his employment with Superior but also as an employee for Tommy Russell.

Defendants urge that the state court action established that Tommy Russell was not liable as a principal for Fred Russell since " * * * that liability was asserted by Sikes in the state court, challenged in behalf of Tommy Russell by demurrer which was sustained and, ultimately, an order was made which discharged Tommy Russell from the Sikes litigation."

In Superior Forwarding Co. v. Sikes, 233 Ark. at 938, 349 S.W.2d at 821, Judge Robinson observed as follows with regard to the demurrer filed by Tommy Russell and sustained in the lower court:

> " * * * the court merely sustained the demurrer. There was no final order dismissing the complaint as to Tommy Russell, but appellee did file an amended and substituted complaint in which Tommy Russell was not made a party defendant. In the circumstances the original complaint ceased to be a part of the record." (Citations omitted.)

Accordingly, the Arkansas Supreme Court declined to pass upon the merits of this question.

In the state court action, all allegations of negligence in the complaint filed by Sikes against both Superior and Fred Russell were alleged acts of omission or commission on the part of Fred Russell or Tommy Russell. From a careful reading of the Arkansas Supreme Court opinion, the conclusion is compelling that Superior's liability was vicarious, with Fred Russell being the active tortfeasor.

Defendants' contention that the Sikes injury did not occur through the operation of the truck leased to Superior appears to be without merit in view of the fact that defendants admit in their brief that " * * * if the description of facts in the Sikes opinion is conclusive, the present accident is shown to have arisen in connection with truck operations * * *." Defendants have attempted to distinguish the cases relied on by plaintiff in support of its position that the Sikes injury did occur through the operation of the truck. E. g., see Bond Stores, Inc. v. Am. Fid. & Cas. Co., 133 N.Y.S. 2d 297 (N.Y.1954); Wagman v. Am. Fid. & Cas. Co., 304 N.Y. 490, 109 N.E. 2d 592 (1952); Owens v. Ocean Accident & Guarantee Corp., 194 Ark. 817, 109 S.W.2d 928 (1937). However, a discussion of these cases is unnecessary since the description of facts in the Sikes opinion conclusively determines that the Sikes injury occurred in connection with the operation of the truck. In the Sikes opinion, the Arkansas Supreme Court observed that the jury could have found " * * * that Russell was negligent in the manner of unloading the equipment and that as a result of such negligence Sikes was injured. * * * He (Hayden) testified that Fred Russell drove the truck forward, thereby removing the support from the end of the

planks, and that the crate fell on Sikes * * *." Superior Forwarding Co. v. Sikes, 233 Ark. at 935, 349 S.W.2d at 820.

It is the view of this Court that the facts as determined in the state court action are conclusive and are binding on the parties in the instant case. Both Superior and Fred Russell were parties to the state court litigation. Plaintiff's rights are derivative from Superior and defendants' rights are measured by those of Fred Russell. It is clear that the state court action determined that the Sikes injury occurred through the operation of the truck, and that the negligent actor or primary responsible party for the accident and resulting injuries was Fred Russell, the truck driver, and that the liability of Superior, plaintiff's insured, was vicarious due to its relationship with Fred Russell.

## II

At the time of the Sikes injury, the truck involved in the mishap was operated by Fred Russell who was acting within the scope of his employment with Tommy Russell as the driver of the leased vehicle which was then being used not only for the furtherance and benefit of Tommy Russell's business, but equally for the furtherance and benefit of Superior's trucking operations. From the findings of the state court, it is conclusive that Superior was a principal of Fred Russell, and it is the view of this Court that it is established by a preponderance of the evidence that at the time of the Sikes injury Fred Russell was acting as an employee of Tommy Russell within the scope of his employment.

Although Fred Russell was engaged in Superior's trucking operations, he was a regular employee of Tommy Russell. His wages were paid by Tommy Russell, he drove a truck owned by Tommy Russell, he was subject to the control of Tommy Russell, and at the time of the Sikes injury, he was operating the truck with the permission of Tommy Russell and in furtherance of the truck leasing business in which Tommy Russell was engaged.

It is elementary that a person may be the servant of two masters, not joint employers, at one time as to one act, if the service to one does not involve abandonment of the service to the other. Restatement 2d, Agency § 226 (1958). It is clear that under the law of Arkansas, based upon the factual determinations made in the trial of this case, Fred Russell was not only acting as the servant of Superior but he was also acting as the servant of Tommy Russell with his consent and in furtherance of his business. Cf. Charles v. Lincoln Constr. Co., 235 Ark. 470, 473, 361 S.W.2d 1, 2 (1962); see also Ozan Lbr. Co. v. McNeely, 214 Ark. 657, 217 S.W.2d 341, 8 A.L.R.2d 261 (1949); Rice v. Sheppard, 205 Ark. 193, 168 S.W.2d 198 (1943); Warren v. Hale, 203 Ark. 608, 158 S.W.2d 51 (1942); Moaten v. Columbia Cotton Oil Co., 193 Ark. 97, 97 S.W.2d 629 (1936); Hobbs-Western Co. v. Carmical, 192 Ark. 59, 91 S.W.2d 605 (1936); Ellis & Lewis v. Warner, 180 Ark. 53, 20 S.W.2d 320 (1929). Annot., 17 A.L.R.2d 1388 (1951) (collecting cases).

## III

The automobile liability policy which was issued to Tommy Russell and in effect at the time of the Sikes injury contained the following omnibus clause or coverage:

"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and * * * any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse with the permission of either * * *."

Under the language contained in this omnibus clause, Fred Russell was clearly covered as an additional insured. He was an employee of Tommy Russell at the time of the Sikes injury acting within the scope of his employment and operating

the truck owned by Tommy Russell with his permission.

Defendants argue that the truckmen's endorsement [1] which was added to this policy cancelled the omnibus clause and limited its coverage. However, this argument is not well taken in view of the fact that the endorsement provides that the insurance with respect to any person or organization other than the named insured also does not apply, *except with respect to an employee of the named insured*, to any person or organization. (Emphasis added.) Thus, although coverage under the omnibus clause was voided or cancelled as to others, coverage for employees of Tommy Russell was specifically retained.

Defendants have argued other interpretations of the policy which conflict with the interpretation which seems clear to this Court. When an insurance contract is fairly open to conflicting interpretations it may be construed strictly against the insurer. Kansas City Fire & Marine Ins. Co. v. Epperson, 234 Ark. 1100, 356 S.W.2d 613 (1962). It is the view of this Court that the policy issued to Tommy Russell and in effect at the time of the Sikes injury extended coverage to Fred Russell as an additional insured at the time of the Sikes injury since Fred Russell was an employee operating the vehicle owned by Tommy Russell with his permission in the scope of his employment.

## IV

The general liability insurance policy issued by plaintiff to Superior provided coverage to " * * * a corporation, any executive officer, managing employee, director, or stockholder thereof while acting within the scope of his duties as such, or in so far as he is or may be liable by reason of his occupying such position * * *."

This policy does not provide coverage to Fred Russell, the truck driver, because as a servant or employee of Superior, he was not an "insured" within the meaning of that term in the policy issued by plaintiff to Superior. Cf. Travelers Ins. Co. v. General Cas. Co., 187 F.Supp. 234 (D.C.Idaho 1960). Furthermore, the meaning of the language of this policy must not be forced beyond its reasonable interpretation to extend coverage which has not been assumed. Duckworth v. People's Indemnity Ins. Co., 235 Ark. 67, 357 S.W.2d 26 (1962); McKinnon v. Southern Farm Bur. Cas. Ins. Co., 232 Ark. 282, 335 S.W.2d 709 (1960).

Defendants' argument that plaintiff was a volunteer in defending the state court action is wholly without merit. Plaintiff's policy with Superior provided coverage to the latter in the event that Superior was held vicariously liable, as was the case in the state court action. Indeed, plaintiff owed a duty to Superior to conduct a defense on its behalf in the

---

1. The truckmen's endorsement, effective April 3, 1957, provided as follows: "The insurance with respect to any person or organization other than the named insured also does not apply, except with respect to an employee of the named insured, to any person or organization, or any agent or employee thereof, engaged in the business of transporting property by automobile for the named insured or for others (1) if the accident occurs while such automobile is not being used exclusively in the business of the named insured and over a route the named insured is authorized to serve by federal or public authority, or (2) if such person or organization so engaged is subject to the security requirements of any motor carrier law and satisfies any such requirements by any means other than automobile liability insurance, or (3) if such person or organization so engaged is insured under an automobile liability insurance policy which affords coverage for automobiles hired by such person or organization but which does not insure on a direct primary basis the owners of such automobiles and the agents and employees of such owners, while such automobiles are being used exclusively in the business of such person or organization and over a route such person or organization is authorized to serve by federal or public authority; provided, however, a driver or other person furnished to the named insured with an automobile hired by the named insured shall not be deemed an employee of the named insured * * *."

state court and, therefore, plaintiff was certainly not a volunteer in so doing.

## V

The lease contract executed by Tommy Russell, lessor, and Superior, lessee, provided for the leasing of trucks owned by Tommy Russell to Superior for use in the latter's trucking operations. The truck involved in the Sikes injury was driven by Fred Russell, an employee of Tommy Russell, and the truck and driver had been hired by Superior pursuant to the lease. This lease specifically obligated Superior to carry public liability insurance on the leased equipment while so leased.[2] It is this provision which defendants contend bars this action.

Defendants rely on the case of Am. Fid. & Cas. Co. v. Simmons, 253 F.2d 634 (4th Cir. 1958), affirming 153 F. Supp. 658 (M.D.N.D.1957), and also on Am. Fid. & Cas. Co. v. Johnson, 336 S.W. 2d 351 (Ky.1960). In the Simmons case, American Fidelity & Casualty Co. was the insurer of Webb Transfer Lines. Webb had leased from one Huston Simmons a truck with a driver employed by Simmons with the approval of Webb. One Jeffries was injured by the truck operated pursuant to the lease and recovered a judgment against Webb on account of his injuries. The judgment was satisfied by American Fidelity, who then sued Simmons by way of subrogation on the theory that Simmons was primarily liable for the damages inflicted in the operation of the truck and that Webb was entitled to be indemnified for the amount of the judgment and that the casualty company, having paid the judgment, was subrogated to the rights of Webb. In denying recovery, Chief Judge Parker concluded in his opinion that the lease contract clearly defined the rights between Webb and Simmons by providing that the former was to carry liability insurance on the leased equipment, and, therefore, his subrogee was not entitled to sue Simmons.

The rationale of the Simmons case that the lease contract defined the rights of the parties to the lease in this respect certainly seems sound, and it is obviously applicable as to the rights between Superior and Tommy Russell. Superior would not have a right of recovery against Tommy Russell, and hence plaintiff as Superior's subrogee would not be entitled to relief against defendants on any theory of Tommy Russell's liability. Superior and Tommy Russell both expressly agreed in the lease that the former would provide insurance coverage. However, the lease does not prevent Superior or its subrogee from seeking indemnity from defendants on account of the tortious conduct of Fred Russell, their omnibus insured, for whom Superior has been held vicariously liable in the state court action. The liability of defendants in the instant case is predicated upon this theory and the lease contract in no way precludes the relief now sought by plaintiff. To hold otherwise would extend the Simmons rationale beyond its logical extreme and would distort the plain meaning of the lease contract.

The Johnson case, cited by defendants, relied on the Simmons rationale and refused to entertain an action similar to the instant case. Admittedly, the suit in the Johnson case was brought not only against the lessor but also against the lessor's truck driver. The Kentucky Court of Appeals affirmed the dismissal of the suit on the theory that it was barred because of the lease which required the lessee to carry public liability insurance. However, the court there considered the action on the theory that it was based on the liability of the lessor, rather than the truck driver individually. Therefore, the Johnson case must be dis-

---

2. The lease provision provided as follows: "4. Lessee agrees to file with the Interstate Commerce Commission and with the State Regulatory Commissions having jurisdiction in the premises and to keep in full force and effect public liability, property damage and cargo insurance in such amounts as may be required under and by the regulations of said commissions."

tinguished from the instant case since the case at bar is brought against defendants on the theory of indemnity based on Fred Russell's liability, as defendants' insured, to plaintiff, as Superior's subrogee.

## CONCLUSION

Able counsel have provided exhaustive briefs in support of their respective contentions, each of which has been considered although not discussed. Suffice it to say that defendants' contention that plaintiff would be entitled, if at all, to no more than one-eleventh, or in the alternative to no more than one-half, is without merit because of the views previously expressed.

█ In summary, it is the view of this Court that: (1) Plaintiff, as Superior's subrogee, is entitled to bring this suit on the theory of Superior's right of indemnity, as principal, against the insurer of the agent Tommy Russell; (2) The state court action conclusively established (a) the negligence of Fred Russell in causing the Sikes injury, as well as the vicarious liability of Superior, and (b) that the injury occurred during the unloading of the truck and through its operation; (3) Fred Russell was an employee of Tommy Russell, as well as for Superior, acting in the course of his employment for both at the time of the Sikes injury; (4) The liability policy issued by defendants to Tommy Russell covered Fred Russell, employee, as an additional insured; (5) The liability policy issued by plaintiff to Superior did not cover Fred Russell but only insured Superior against the vicarious liability for the tortious conduct of Fred Russell; and (6) The lease contract does not bar suit by plaintiff against defendants on the theory of defendants' liability for Fred Russell as an additional insured. Therefore, plaintiff is entitled to recover against defendants on the theory of its implied right to indemnity, as Superior's subrogee, against defendants, as the insurers of Fred Russell.

Plaintiff is entitled to recovery against defendant Pacific National Ins. Co., for the sum of $37,345.50, which is the amount of the state court judgment paid by plaintiff on November 14, 1961, and also for the sum of $2,130.78, which the parties have agreed was properly chargeable to Fred Russell's defense. Therefore, judgment will be entered in favor of plaintiff against defendant Pacific National Insurance Co., for the amount of $39,476.29 plus interest at six per cent per annum from November 14, 1961, until paid.